R. L. HINTON v. MRS. ADA V. WHITEHURST AND HUSBAND, CECIL WHITEHURST; MRS. FLOSSIE NOSAY AND HUSBAND, HENRY NOSAY; MRS. SOPHIA W. MORGAN AND HUSBAND, J. C. MORGAN; AND H. P. WILLIAMS, CONSTABLE.

(Filed 21 September, 1938.)

1. **Judgments § 22—In action to cancel judgment on ground that it is void plaintiff must allege facts upon which that conclusion is based.**

   Whether a judgment is void presents a mixed question of law and fact, and a party seeking to set aside a judgment on the ground that it is void must allege facts upon which that conclusion is based so that the court may determine whether the facts alleged constitute a good cause of action.

2. **Pleadings § 3a—**

   The complaint must contain a plain and concise statement of the facts constituting the cause of action, C. S., 506, and mere allegation of the conclusion which the pleader conceives should be drawn from the evidence he intends to offer is insufficient.

3. **Judgments § 22—Sole remedy for relief against erroneous judgment is by appeal.**

   The judgment against plaintiff was rendered at one term of court, for maladministration of the estate of which he was executor, and another judgment, involving the same estate, was rendered at a subsequent term, against the heirs and distributees for rents and profits, which later judgment was reversed on appeal. No appeal was taken from the former judgment. Plaintiff instituted this action to set aside the former judgment on the ground that the decision of the Supreme Court setting aside

the second judgment rendered the first judgment void, and also on the ground that the first judgment was predicated on an earlier judgment affirmed by the Supreme Court setting aside the purported will of testator. *Held:* The allegations amount to no more than that plaintiff herein would have had a valid defense to the judgment attacked, and that it was rendered under misapprehension of the correct principles of law, which, even conceding the truth of the allegations, would establish that the judgment attacked was erroneous, and defendants' demurrer to the complaint was properly sustained, since the sole remedy against an erroneous judgment is by appeal, the judgment not being void or irregular.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Hamilton, Special Judge,* at May Term, 1938, of PASQUOTANK. Affirmed.

This is an action under C. S., 1743 to remove a cloud from the title to certain property in Pasquotank County owned by plaintiff. The alleged cloud upon the title of plaintiff's property is caused by a duly docketed judgment rendered at the May Term, 1934, of Pasquotank Superior Court, which judgment the plaintiff alleges is null and void and of no effect.

After alleging the ownership of the property, the rendition, docketing and existence of the judgment, the plaintiff further alleges: "6. That this judgment is null and void and of no effect by reason of the fact that said judgment was predicated upon the decision of the Supreme Court of North Carolina in the case of *'In re: Hinton,'* as set out in N. C. 180, page 213, and that subsequent to the rendition of the Supreme Court of North Carolina the Supreme Court of North Carolina has in a subsequent decision, to wit, in the case of *Whitehurst, et als., v. Hinton, et als.,* who are the same parties in interest as the parties in the case of *In re Hinton,* in legal force and effect rendered the judgment herein complained of as null and invalid and void, the said Supreme Court holding that, 'From the date of the probate in common form of the last will and testament of John L. Hinton, deceased, to wit, 29 January, 1910, to the date of the final judgment of the Superior Court in the *caveat* proceedings instituted by the plaintiffs, the defendants and their ancestors were the owners and in the lawful possession of all the lands of which John L. Hinton died seized and possessed. These lands were devised to them by the last will and testament of John L. Hinton, which was duly probated in common form on 29 January, 1910. This probate was conclusive evidence of the validity of said will, until the same was set aside by the judgment in the *caveat* proceeding. There is no evidence in the record in this appeal tending to show that at any time prior to the institution of the *caveat* proceeding the defendants or their ancestors had any knowledge or intimation that the plaintiffs would attack the validity of the will under which they claimed. Nor is there any

evidence in the record tending to show that any of the devisees in said will procured its execution by John L. Hinton by undue or fraudulent influence. For that reason the defendants and their ancestors were entitled to the rents and profits of the lands devised to them until the probate was set aside and the will adjudged void. C. S., 4145."

R. L. Hinton and his brother, C. L. Hinton, qualified as executors of the last will and testament of their father, John L. Hinton, and proceeded to administer the estate until they were succeeded in administration by R. M. Davis on or about 19 March, 1921. A *caveat* was filed to the will and upon hearing of said *caveat,* upon issues answered by the jury, it was adjudged that the paper writing propounded was not the last will and testament of the deceased. This judgment was affirmed in *In re Hinton,* 180 N. C., 206. Thereafter the defendants herein instituted an action against this plaintiff. The cause was referred and when the matter was heard upon report of the referee the court, among other things, found:

"Sixth: That defendant wrongfully expended out of the funds belonging to the estate sums of money for attorneys' fees and expenses incurred in connection with the defendant's defense of the alleged will, which purported will had been obtained by undue influence on the part of defendant and others while said John L. Hinton was not possessed of testamentary capacity, said expenditures totaling $6,493.53.

"Seventh: That the said defendant in his final account wrongfully retained commissions on the disbursements set out in finding of fact No. 6 herein, which said commissions so wrongfully retained totaled three hundred twenty-four and sixty-seven/100 ($324.67) dollars."

Judgment was thereupon entered against this plaintiff for $1,136.36 with interest thereon from 18 March, 1921, and costs. This is the judgment which is the subject matter of the action.

The defendants herein demurred to the complaint for that the same does not state a cause of action, in that the complaint does not set out any facts upon which is predicated the conclusion of law contained in the complaint that the judgment under which said execution was issued was void, but, on the other hand, it appears from said complaint that plaintiff in this action is seeking to again litigate matters which have in truth and in fact been finally determined by a final judgment rendered at May Term, 1934, of the Superior Court of Pasquotank County, said judgment being unexcepted to and unappealed from. The court below sustained the demurrer and dismissed the action. The plaintiff excepted and appealed.

*George J. Spence and Q. C. Davis, Jr., for plaintiff, appellant.*
*P. W. McMullan and John H. Hall for defendants, appellees.*

BARNHILL, J.  To procure the cancellation of a judgment it is not sufficient to merely allege that it is void.  The complaint must state the facts upon which that conclusion is based, so that the court may determine whether the facts alleged, if supported by evidence, in fact rendered the judgment invalid.  The complaint must contain "a plain and concise statement of the facts constituting a cause of action."  C. S., 506.  The mere allegation of the conclusion which the pleader conceives should be drawn from the evidence he intends to offer is insufficient.  *Hartsfield v. Bryan,* 177 N. C., 166, 98 S. E., 379; *Eddleman v. Lentz,* 158 N. C., 65, 73 S. E., 1011.

In the instant case the judgment below must be affirmed unless the complaint sets forth with some reasonable degree of particularity the facts upon which the plaintiff relies to establish the invalidity of the judgment.  Whether a judgment is void presents a mixed question of law and fact and without a statement of the facts the court is unable to determine that plaintiff has a good cause of action.

This brings us to a consideration of the allegations contained in paragraph six of the complaint.  To fully understand the allegations therein it is necessary to consider the cases therein referred to.  *In re Hinton,* 180 N. C., 213, is an appeal by the propounder, the plaintiff herein, from a judgment of the Superior Court of Pasquotank County, setting aside the will of John L. Hinton and affirms the decision below.  *Whitehurst v. Hinton,* 209 N. C., 392, is "an action for an accounting by the defendants to the plaintiffs for rents and profits received by the defendants (plaintiff herein) from lands described in the complaint, and owned by the plaintiffs and defendants as tenants in common since the death of John L. Hinton in 1910."  Judgment therein was entered at the June Term, 1934, Pasquotank Superior Court.  The judgment which the plaintiff seeks to invalidate was rendered at the May Term, 1934, Pasquotank Superior Court, in an action against the plaintiff herein for maladministration of the estate of John L. Hinton and to recover funds belonging to said estate wrongfully retained by the plaintiff herein under credits claimed by him in his account, to which the court adjudged he was not entitled.

The judgment set out in the complaint was not "predicated upon the decision of the Supreme Court of North Carolina in the case of *In re Hinton*" and has no relation thereto, except that it involves the same estate.  Nor did the opinion in *Whitehurst v. Hinton, supra,* in legal force and effect render the judgment complained of null and void.  It likewise has no relation to the judgment set out in the complaint except that it involves matters relating to the same estate.  It, therefore, appears that the allegations contained in paragraph six of the complaint amount to nothing more than a statement that under the law declared

in *Whitehurst v. Hinton, supra,* the plaintiff herein, had he been so advised, would have had a valid defense in the cause in which the judgment set out in the complaint was rendered. This is not conceded. Even so, the judgment rendered by a court of competent jurisdiction in an action properly before it is not rendered void by reason of the fact that the court entered the judgment under a misapprehension of the correct principles of law. The proper remedy was by appeal. *Finger v. Smith,* 191 N. C., 818, 133 S. E., 186; *Phillips v. Ray,* 190 N. C., 152, 129 S. E., 177.

It affirmatively appears in the complaint that the judgment therein set out was rendered by a court having jurisdiction of the subject matter and of the parties and was rendered according to the course and practice of the court. The complaint fails to state any facts which would tend to vitiate or nullify this judgment. While we find nothing in the complaint, or in the cases therein cited, which would indicate that the judge who signed the judgment did not apply proper legal principles in arriving at his conclusions upon which he based the judgment, we may concede that he did, and yet it will not avail the plaintiff. Such action on the part of the court does not invalidate the judgment.

After a careful consideration of the complaint, including the cases cited therein, we are of the opinion that the judgment below must be

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.