W. L. ABERNETHY, JR. v. THE HOSPITAL CARE ASSOCIATION, INC.

(Filed 29 March, 1961.)

1. Insurance § 32—

   In an action on a policy of hospital insurance, the burden is on the plaintiff to show coverage and on the insurer to show that the claim fell within the exclusions from liability, if relied on by insurer.

2. Insurance § 30—

   In an action on a policy of hospital insurance, evidence that pain felt by insured prior to the issuance of the policy was consistent with but not diagnostic of the existence at that time of the disease necessitating an operation some eighteen months after the issuance of the policy, raises an issue of fact for the jury, or for the court when jury trial is waived.

3. Appeal and Error § 49—

   The findings of fact by the court in a trial by the court under an agreement of the parties are conclusive when conflicting evidence raises such issues of fact.

APPEAL by defendant from *Farthing, J.,* August 22, 1960 Term, MECKLENBURG Superior Court.

Civil action to recover hospital and surgical expenses for the treat-

ment of plaintiff's wife, Bobby Abernethy. By its certificate of insurance which became effective February 15, 1957, the defendant agreed "to pay to the extent herein limited and provided . . . benefits for services required and received by the subscriber or his eligible dependents . . . for illness or injury of the affected participant . . ." The policy further provided: "None of the benefits . . . shall be available for any condition, disease or injury which existed or had its beginning on or before the effective date of this policy."

The parties waived a jury trial and stipulated the court might find the facts and if it be determined the defendant is liable, the recovery shall be $563.75. The defendant called Dr. Thompson, the surgeon who performed the operations. His testimony will be referred to in the opinion. The court, among others, made the following findings of fact:

"4. Mrs. Bobby Abernethy, wife of plaintiff, was admitted to Charlotte Memorial Hospital on four separate hospital admissions, viz: (a) Admitted 8-13-58. Discharged 8-25-58. (b) Admitted 9-14-58. Discharged 9-17-58. (c) Admitted 9-29-58. Discharged 10-10-58. (d) Admitted 11-4-58. Discharged 11-7-58.

"The first admission on 8-13-58 was diagnosed as acute pancreatitis. On admission an operation laporotomy was performed. On the second admission 9-14-58 examination revealed certain stones in the gall bladder but surgery was delayed because of recent pancreatitis.

"The hospital and surgeon claims for the first two admissions, that is 8-13-58 and 9-14-58 were paid by The Hospital Care Association, Inc., and no claim for the expenses of these two admissions is involved in this action. * * *

"7. That the pre-existing pain and symptoms experienced by Mrs. Abernethy (as recited hereinabove) are compatible with but not diagnostic of the condition or disease for which plaintiff seeks compensation in this action.

"8. That the defendant has failed to prove by the greater weight of the evidence that the condition or disease suffered by Mrs. Bobby Abernethy causing her admittance to Charlotte Memorial Hospital on 9-29-58; and again on 11-4-58, and the medical and surgical services which she received in said hospital, for the recovery of expenses of which two admissions this action was instituted, was a physical condition or disease that had its beginning at and prior to February 15, 1957, the effective date of said Certificate issued by the Hospital Care Association, Inc."

The court rendered judgment for the plaintiff for $563.75, from which the defendant appealed.

*Wm. H. Abernethy, for plaintiff, appellee.*
*Claude V. Jones, for defendant, appellant.*

HIGGINS, J. In order to recover under an insurance policy, the insured must carry the burden of showing coverage. If, thereafter, the insurer relieves itself of liability, it must carry the burden of showing exclusion from coverage. *Fallins v. Ins. Co.,* 247 N.C. 72, 100 S.E. 2d 214; *Collins v. Casualty Co.,* 172 N.C. 543, 90 S.E. 585. The question before the trial court was whether the evidence established the presence of "gall bladder trouble" at the time the policy became effective. Or does the evidence go no further than present an issue of fact to be determined from the evidence? It may be noted the insurer paid for the first two operations without question.

Dr. Thompson, the surgeon who performed the operations, described in finding No. 4, testified for the defendant. Here is his summary: "I have an opinion as to whether the character of these complaints which I have enumerated to you would suggest to me, as a physician, the presence of gall bladder disease. My opinion that this history of pains is compatible with but not diagnostic of gall bladder disease . . . The presence of gallstones is one of the diseases that can cause some of the symptoms or history of pains that have been described. They are not entirely typical, but suggestive of it. In my opinion, as a physician, these complaints are consistent with the presence of stones in the ducts or tubes leading from the gall bladder, not strongly suggestive of them."

Apparently Dr. Thompson considered all symptoms up to the time of the operations and attempted to relate them back to Mrs. Abernethy's condition on February 15, 1957. At the time of the operation the policy had been in effect 18 months. Dr. Thompson was unable to determine when the trouble had its onset. His evidence leaves the date in the realm of conjecture.

In weighing the testimony in this case, the court acted as the jury and found the defendant had not carried the burden of showing Mrs. Abernethy suffered from "gall bladder trouble" prior to the effective date of the policy. The rule of law applicable under such circumstances is correctly stated by *Justice Parker* in *Cudworth v. Ins. Co.,* 243 N.C. 584, 91 S.E. 2d 580: "The evidence, and the reasonable inferences to be drawn therefrom, are in conflict as to whether Cudworth's lung cancer did, or did not, originate while the policy was in force . . . and we cannot usurp the province of the jury to resolve

this conflict." See also, *Hill v. Casualty Co.,* 252 N.C. 649, 114 S.E. 2d 648.

The evidence at best involves inferences of fact which must be determined by the fact-finding body — in this instance the trial judge. The finding is conclusive.

After careful examination of all assignments of error and the authorities cited in support, we conclude that error of law or legal inference does not appear. Hence, the judgment of the superior court is

Affirmed.