WILLIAM C. FREEL AND WIFE, NELL T. FREEL v. CENTER, INC., HENRY B. FOY, AND TAI Y. LEE, PARTNERS, DOING BUSINESS AS FOY AND LEE ASSOCIATES, AND AS INDIVIDUALS, AND PAUL L. BRYSON.

(Filed 20 September, 1961)

**1. Pleadings § 19—**

A demurrer to the crosscomplaint of one defendant against another must be sustained if the crosscomplaint fails to allege each material fact necessary to constitute a cause of action in favor of the first defendant against the second.

**2. Same—**

In determining the sufficiency of a pleading upon demurrer, the facts alleged and not the conclusions of the pleader are determinative.

**3. Negligence § 35; Torts § 4— Allegations held insufficient to state cross action against grading contractor for failure to provide lateral support.**

The owner of one lot sued the owner of an adjacent lot for damages for failure of the defendant-owner to provide lateral support incident to excavation. Defendant-owner had his grading contractor joined as a defendant upon assertions of primary and secondary liability and the right to contribution. The cross action alleged that the contract required the contractor to use reasonable care in the protection of adjacent property, but alleged no facts in respect to the violation of, or deviation from, the plans and specifications or from the terms of the grading contract. *Held:* The demurrer of the grading contractor was properly sustained, the allegations of primary and secondary liability and the right to contribution being merely conclusions not supported by allegations of fact.

APPEAL by original defendant from *Froneberger, J.,* regular May, 1961, Civil Term, HAYWOOD Superior Court.

This civil action was instituted by the plaintiffs who allege they are owners of a specifically described lot in the town of Canton upon which their dwelling house is located. The original defendant owns the adjoining lot upon which it undertook to erect a large building to be used as a super market. In excavating for the foundation the defendant removed the dirt to a depth of 35 to 40 feet along the line separating the two lots and thereby removed all lateral support from plaintiffs' property; "that immediately after the excavation . . . the soil and earth began to crack, subside and slide away . . . and has continued intermittently without restraint," as a result of which the plaintiffs have been damaged in the sum of $10,000.00. The plaintiffs alleged other damages, the allegations with respect to which were stricken by consent.

The defendant, Center, Inc., by answer, admitted the ownership of a lot adjoining the plaintiffs upon which it did grading and erected a building. Other allegations were denied. By way of cross action the

original defendant alleged it employed and relied upon the firm of Foy and Lee Associates, licensed architects, to prepare plans and specifications for the grading of the lot and providing for adequate lateral support. ". . . and while this answering defendant still alleges and asserts that proper and adequate lateral support was provided, yet if it should be found that this defendant is liable in any respect whatsoever . . . Foy and Lee Associates are primarily responsible therefor and this defendant is only secondarily liable . . . and such primary liability . . . is hereby pleaded against said partners." Also, "if this defendant be adjudged liable, (which liability is denied) then and in that event there is liability also of the above-mentioned partners," whose acts and conduct joined and concurred as a proximate cause of any liability.

The original defendant, upon motion, had Foy and Lee Associates made additional parties defendant for the purposes (1) of having them adjudged primarily liable, or (2) of having them held jointly liable for purposes of contribution. Foy and Lee Associates filed answer.

The original defendant, by way of further cross action against Paul Bryson, alleged that he and the original defendant entered into a contract by which Bryson was to do certain grading work on the lot owned by the answering defendant, "and that thereafter the said Paul Bryson did all of the grading and excavating work." The contract provided: "Contractor shall use reasonable care in the protection of adjacent and abutting property." . . . "That while this answering defendant again alleges and asserts that the said grading done by the said Paul Bryson did in fact leave proper and adequate lateral support to adjoining property and there is no liability . . . yet if there should be found any liability . . . the said Paul Bryson is primarily liable . . . and this answering defendant is only secondarily liable," or the liability is joint and the original defendant is entitled to contribution from Bryson.

Bryson was brought in as an additional party defendant and filed a demurrer to the cross action upon the ground it failed to allege facts sufficient to state a cause of action against him. The court entered judgment sustaining the demurrer, from which the original defendant appealed.

*Williams, Williams & Morris, By: J. N. Golding, for Center, Inc., defendant, appellant.*

*Uzzell & DuMont, By: Harry DuMont, for Paul L. Bryson, defendant, appellee.*

HIGGINS, J.   This appeal presents for review the order sustaining Bryson's demurrer. A demurrer must be sustained if the challenged pleading (complaint or crosscomplaint) fails to allege each material fact necessary to constitute a cause of action. *Ledwell v. Proctor,* 221 N.C. 161, 19 S.E. 2d 234. Facts and not conclusions must be alleged. *Broadway v. Asheboro,* 250 N.C. 232, 108 S.E. 2d 441.

The original defendant alleged it had a contract with Bryson to do the excavation and grading out of which this controversy arose. The agreement provided the "contractor shall use reasonable care in the protection of adjacent and abutting property." " . . . that while this answering defendant again alleges that the said grading done by the said Paul Bryson did in fact provide and leave proper and adequate lateral support" . . . but if it should be found otherwise, Bryson is primarily liable or at least jointly liable. The allegations as to Bryson's liability are conclusions not supported by allegations of fact. Violation of, or deviation from, the plans and specifications or from the terms of the grading contract are not alleged. Bryson's demurrer to the cross action was properly sustained.

Affirmed.