W. W. BREVARD, ADMINISTRATOR OF THE ESTATE OF BRENDA BREVARD (TAYLOR), FORMERLY BRENDA BREVARD v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., A CORPORATION.

(Filed 23 September, 1964.)

1. Pleadings § 2—

Plaintiff must allege facts necessary to constitute his cause of action so as to disclose the issuable facts upon which his right to relief depends, and mere allegation of legal conclusions is insufficient.

2. Insurance § 65—

In an action to recover under an insurance policy, the burden is upon plaintiff to allege and prove coverage and the burden of showing exclusion from coverage is upon insurer.

3. Pleadings § 19—

The rule of liberal construction does not permit the court to read into a pleading facts which it does not contain.

4. Same—

A demurrer admits the truth of the facts properly pleaded but does not admit inferences or conclusions of law.

5. Insurance § 65— Allegations held not to show ground for liability of insurer for unpaid balance of judgment for personal injury.

This action against insurer was instituted to recover the unpaid balance of a judgment for personal injury which had theretofore been obtained against the estate of the driver of a car and against insured under the doctrine of *respondeat superior*, insured not being the owner of the car. The complaint alleged that insurer had issued certain policies of liability insurance and that such policies covered the liability of the insured "arising out of the aforesaid judgment," but nowhere alleged the provisions of the policy which plaintiff contended obligated insurer to pay the unpaid portion of the judgment against insured. *Held:* The mere allegation that the policies covered insured's liability arising out of the judgment constitutes a conclusion of law, and insurer's demurrer on the ground that the complaint fails to state a cause of action against it was properly sustained.

APPEAL by plaintiff from *Pless, J.,* in Chambers at Marion, North Carolina. From HENDERSON.

Plaintiff seeks to recover from the defendant the unsatisfied portion of a judgment procured by plaintiff in the Superior Court of Buncombe County, North Carolina, at the September Session 1963, against Harley W. Meredith, Sr. and Mary Ray Meredith, administratrix of the estate of Harley W. Meredith, Jr.

The plaintiff alleges in his complaint that his intestate, Brenda Brevard, was riding as a passenger in a motor vehicle which was struck while being driven on Highway No. 9, near Montreat, North Carolina, by a 1957 Ford automobile operated by Harley W. Meredith, Jr., on

19 December 1960, and that she received injuries as the result of this collision which caused her to be disabled and to incur expenses.

Brenda Brevard, through her next friend, instituted the civil action referred to above based upon allegations that Meredith, Jr. was operating the 1957 Ford automobile as the agent of Meredith, Sr. and at said time was in the scope of said employment and about his master's business.

Brenda Brevard later married and thereafter died prior to the trial of the Buncombe County action and her administrator was substituted as party-plaintiff.

Judgment was obtained against Meredith, Sr. and the estate of Meredith, Jr. in the sum of $7,500. The sum of $708.33 was paid and credited on the judgment. Execution has been issued against Meredith, Sr. and returned unsatisfied.

Plaintiff alleges that sometime prior to 19 December 1960 the defendant sold and issued to Harley Watson Meredith, Sr., two policies of automobile liability insurance in the sum of $25,000 each, covering a 1949 Buick two-door automobile and a 1959 Cadillac coupe; that these policies were issued on 29 August 1960, bearing a counter-signature date of 28 September 1960, copies of said policies being attached as exhibits to the complaint.

The jury verdict, incorporated in the judgment entered in the Buncombe County action, which judgment is also attached as an exhibit to the complaint in this action, is to the effect that Harley W. Meredith, Sr. was not the owner of the 1957 Ford automobile and did not maintain it as a family purpose vehicle. The plaintiff recovered judgment against Meredith, Sr. pursuant to the doctrine of *respondeat superior*.

When Meredith, Sr. called on the defendant to defend the Buncombe County action, it refused to do so on the ground that the foregoing policies of liability insurance did not cover the 1957 Ford.

The allegations in the complaint in this action, upon which the plaintiff bases his cause of action, are as follows:

"That the aforesaid insurance policy or policies covered the named assured Harley Watson Meredith for the liability rising out of the aforesaid judgment and that by entry of said judgment the defendant became and is now legally obligated to pay the damages recovered in said judgment thereby, and the defendant is obligated to the extent of the limits of the policies hereinbefore pleaded to this plaintiff and is indebted to this plaintiff in the sum of $6,791.67 plus accrued interest and the court costs in said action."

BREVARD *v.* INSURANCE CO.

This action was originally instituted in the General County Court of Henderson County, North Carolina. The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and respectfully shows the court:

"1. The complaint fails to allege whether the 1957 Ford automobile said to have been driven in paragraph 11 of the complaint by Harley W. Meredith, Jr., was an 'owned automobile' as defined in the insurance policy attached to the complaint.

"2. The complaint fails to allege that the said 1957 Ford automobile was a 'non-owned automobile' as defined in the policy of insurance attached to the complaint.

"3. In the absence of the allegation by the plaintiff and the corresponding proof that the said 1957 Ford was an 'owned automobile' or 'non-owned automobile' as those terms are defined in the policy of insurance attached to the complaint, the plaintiff cannot recover in this action."

The demurrer was overruled and a writ of *certiorari* was granted in the Superior Court of Henderson County to review the ruling in the General County Court.

His Honor J. Will Pless, Jr., Resident Judge of the Twenty-ninth Judicial District, upon hearing the matter on 29 June 1964, reversed the ruling of the General County Court and sustained the demurrer.

The plaintiff appeals, assigning error.

*William J. Cocke; Prince, Jackson, Youngblood and Massagee for plaintiff appellant.*
*Carpenter, Webb & Golding for defendant appellee.*

DENNY, C.J. As we construe the complaint in this action, the plaintiff seeks to recover against the defendant based on the terms of the judgment entered in the action between the plaintiff and Meredith, Sr. and the administratrix of the estate of Meredith, Jr.

The mere fact that the plaintiff obtained a judgment against Meredith, Sr. does not necessarily obligate this defendant to pay such judgment, and nowhere in the complaint does the plaintiff set out the provisions contained in the insurance policies which he contends obligates the defendant to pay the unsatisfied portion of the plaintiff's judgment.

If the defendant is liable to plaintiff, its liability accrues under the provisions set out in the insurance contracts between the defendant and its insured.

The defendant contends that the plaintiff has failed to allege facts sufficient to bring himself within the coverage provided in the insurance policies involved in any respect.

It is said in Blashfield, Cyclopedia of Automobile Law and Practice, Volume 6, Part 2, Section 4113.15: "It is essential for plaintiff, in his pleading, to allege a loss within the coverage of the insurance contract. He must allege a loss for which he is entitled to be indemnified. * * *

"The plaintiff should do more than merely incorporate in his pleading allegations in the nature of legal conclusions indicating that the loss sued for was covered by the contract of insurance, and ordinarily he should set out facts sufficient to enable the court to decide that his claim is included within the coverage of the policy or contract. * * *"

In Strong's North Carolina Index, Volume 3, page 600, Pleadings, it is said: "* * * (A) cause of action consists of the facts alleged in the complaint, and plaintiff must allege such facts necessary to constitute his cause of action so as to disclose the issuable facts determinative of plaintiff's right to relief. And recovery must be had, if at all, on the theory of liability set forth in the complaint. * * * Mere allegation of the legal conclusion which the pleader conceives should be drawn from the evidence he intends to offer is insufficient. * * *" *Broadway v. Asheboro,* 250 N.C. 232, 108 S.E. 2d 441; *Hinton v. Whitehurst,* 214 N.C. 99, 198 S.E. 579; *Baker v. R. R.,* 205 N.C. 329, 171 S.E. 342.

In an action to recover under an insurance policy, the burden is on the plaintiff to allege and prove coverage. On the other hand, the burden of showing an exclusion from coverage in on the insurer. *Abernethy v. Hospital Care Ass'n.,* 254 N.C. 346, 119 S.E. 2d 1; *Thomas & Howard Co. v. Insurance Co.,* 241 N.C. 109, 84 S.E. 2d 337; *Bowen v. Darden,* 233 N.C. 443, 64 S.E. 2d 285.

In *Bowen v. Darden, supra,* this Court pointed out that a cause of action upon which a plaintiff chooses to rely should be stated in the complaint "in a clear and concise manner, G.S. 1-122, so that the defendants will not be left in doubt as to how to answer and what defense to make. *Hussey v. R. R.,* 98 N.C. 34 (3 S.E. 923). The pleadings must raise the precise issues which are to be submitted to the jury, *Hunt v. Eure,* 189 N.C. 482, 127 S.E. 593, so that the court itself may not be left in a quandary as to the cause of action it is trying. *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648."

"The rule of liberal construction does not require or permit us to write in the complaint allegations which are not there." *Carolina Builders Corp. v. New Amsterdam Casualty Co.,* 236 N.C. 513, 73 S.E. 2d 155.

BURGESS *v.* GIBBS.

A demurrer admits as true the allegations of the facts contained in the complaint but does not admit inferences or conclusions of law. *Stamey v. Membership Corp.*, 247 N.C. 640, 101 S.E. 2d 814; *Freel v. Center, Inc.*, 255 N.C. 345, 121 S.E. 2d 562.

In our opinion, the general allegations in the complaint in this action, to the effect that the policies involved herein "covered the named assured Harley Watson Meredith for the liability rising out of the aforesaid judgment," constitutes a conclusion of law and that such conclusion is not admitted by the demurrer.

The case of *Hall v. Casualty Co.*, 233 N.C. 339, 64 S.E. 2d 160, did not involve a controversy over the ownership of the automobile, nor the question as to whether or not it was covered by the policy issued by the defendant. In the *Hall* case the motor vehicle involved in the collision by reason of which the third party plaintiff recovered her judgment, was the particular motor vehicle described in the policy. Such is not the case in the present action. Plaintiff does not allege that either of the automobiles described in the policies involved was involved in the accident out of which the plaintiff's cause of action arose, but alleges that the automobile in which Brenda Brevard, plaintiff's intestate, was riding was involved in a collision with a 1957 Ford automobile which was being driven not by the insured Meredith, Sr. but by Meredith, Jr.

In our opinion, the ruling of the court below should be sustained.

Affirmed.