RIDGE COMMUNITY INVESTORS, INC.; F. L. WRENN, TRUSTEE; W. CLYDE BURKE AND WIFE, NORMA B. BURKE; HAROLD H. GRISWOLD AND WIFE, DOROTHY B. GRISWOLD; AND MILL RIDGE PROPERTY OWNERS ASSOCIATION, INC. v. BILLY EUGENE BERRY AND WARD CARROLL, SHERIFF OF WATAUGA COUNTY, NORTH CAROLINA

No. 41

(Filed 15 December 1977)

1. Laborers' and Materialmen's Liens § 8— enforcement of lien—jurisdiction

An action to enforce a laborer's or materialman's lien is not required by G.S. 44A-12 and G.S. 44A-13(a) to be brought in the county in which the realty subject to the lien is located since the language in G.S. 44A-13(a) stating that an action to enforce the lien "may be brought in any county in which the lien is filed" is not a jurisdictional requirement. Therefore, the Superior Court of Mecklenburg County had jurisdiction to enforce a claim of lien filed in Watauga County.

2. Clerks of Court § 11— authority of assistant clerks

Assistant clerks of superior court have been granted the same authority as that given to clerks of the superior court. G.S. 7A-102(b).

**3. Clerks of Court § 8; Laborers' and Materialmen's Liens § 8; Rules of Civil Procedure § 55— foreclosure in default judgment—authority of clerk of court**

The authority of a clerk of superior court to enter orders consummating foreclosure in default judgments is limited by G.S. 1A-1, Rule 55(b)(1) to judgments entered on a debt which is secured by "any pledge, mortgage, deed of trust, or other contractual security . . . or upon a claim to enforce a lien for unpaid taxes or assessments under G.S. 105-414."

**4. Clerks of Court § 8; Laborers' and Materialmen's Liens § 8; Rules of Civil Procedure § 55— lien for labor and materials—default judgment—foreclosure order**

A laborer's or materialman's lien established pursuant to G.S. Ch. 44A is not a "contractual security" within the meaning of G.S. 1A-1, Rule 55(b)(1), and a clerk or assistant clerk of court is thus without jurisdiction to make orders consummating foreclosure of such liens in default judgments.

**5. Laborers' and Materialmen's Liens § 8; Judgments § 31— enforcement of laborer's and materialman's lien—default judgment—standing of present owners to attack**

The present owners of property subject to a claim of lien for labor and materials have standing to attack as void the default judgment establishing and enforcing the claim of lien, although they were not parties to such action, where the grounds which support their allegation that the judgment is void appear on the face of the judgment, and the owners obviously would be adversely affected by a sale of their property pursuant to the void judgment.

**6. Laborers' and Materialmen's Liens § 7— standing to attack claim of lien—present owner**

Plaintiffs have standing to attack the sufficiency of a claim of lien for materials and labor upon which a foreclosure action was based where plaintiffs hold title to lands subject to the claim of lien through the sale of the lands under a deed of trust securing a note to a bank; the deed of trust was executed and recorded prior to the institution of the action to enforce the claim of lien; and neither plaintiffs nor the holder of the note secured by the deed of trust nor the trustee in the deed of trust was made a party to the action to foreclose the laborer's and materialman's lien.

**7. Injunctions § 13.1— attack on judgment establishing laborer's and materialman's lien—preliminary injunction**

In this action to have declared null and void a default judgment which established a laborer's and materialman's lien on property now owned by plaintiffs, the trial court erred in refusing to grant to plaintiffs a preliminary injunction prohibiting the sheriff from selling the lands under the execution issued on that judgment where plaintiffs sufficiently showed the likelihood of success upon the trial of their case upon the merits and that injunctive relief was necessary for the protection of their property rights during the course of the litigation.

ON *certiorari* to the Court of Appeals to review its decision reported in 32 N.C. App. 642, 234 S.E. 2d 6, which affirmed the

order of *Snepp, J.*, entered at the 21 May 1976 Session of
MECKLENBURG Superior Court.

Plaintiffs instituted this action on 7 May 1976 seeking to
have declared null and void that portion of the judgment ren-
dered in Mecklenburg Superior Court which purported to
establish a lien on certain lands owned by plaintiffs in Watauga
County, and to enjoin the Sheriff of Watauga County from selling
said lands under the execution issued on that judgment. A tem-
porary restraining order was issued, and the matter came on to
be heard before Judge Snepp on plaintiffs' application and motion
for a preliminary injunction.

At that hearing, Judge Snepp heard oral evidence and con-
sidered affidavits and the pleadings which tended to show that on
9 May 1974 defendant Berry filed a notice and claim of lien for
materials furnished and labor performed upon certain resort prop-
erties owned by Mill Ridge Developers, Inc., (Developers). On 7
June 1974, Berry sought to enforce this claim of lien by action in-
stituted in Mecklenburg County. Defendants Caledonia Corpora-
tion and Developers filed no responsive pleadings, and on 17 June
1974 an Assistant Clerk of Mecklenburg Superior Court signed
and entered a default judgment against Caledonia and Developers
in the amount of $16,894.27. The judgment also contained the
following language: "AND IT IS FURTHER ORDERED . . . that this
judgment be transcribed and that execution issued against that
property of said Defendants described as follows, retroactive to
the 27th day of November, 1972 . . . ." The judgment contained a
description of the land on which Berry claimed a lien including
certain numbered lots and unnumbered areas (common area)
shown on a subdivision plat recorded in Watauga Public Registry.

On 12 March 1974, Developers executed a note secured by a
deed of trust to Wachovia Bank and Trust Company on the prop-
erty in litigation. The deed of trust was duly foreclosed, and at
the foreclosure sale plaintiffs Burke and Wrenn each purchased
an individual lot. Plaintiffs Ridge Community Investors, Inc., and
Mill Ridge Property Owners Association purchased the common
area. There was evidence to the effect that defendant did not
furnish labor or materials to the common area described in the
claim of lien within 120 days preceding the filing of the claim of
lien.

Plaintiffs' position is that the default judgment purporting to establish a lien is null and void because (1) the Mecklenburg Superior Court was without jurisdiction to enforce a claim of lien filed on property in Watauga County; (2) the portion of the judgment which purported to establish and enforce a lien on the subject property was void because the Assistant Clerk of court was without power to render such judgment; (3) the claim of lien had not been filed within the 120 day statutory period; (4) the judgment does not impose a lien on the property because there is no specific declaration in the judgment imposing a lien; (5) the judgment included property not subject to lien in that property was described in the claim of lien and the action to enforce it which had not been improved by materials furnished and labor performed by defendant; and (6) the statement of Berry's account attached to the complaint in the former action is not properly itemized and fails to comply with the provisions of G.S. 44A-12(c)(6).

Further in support of their motion for a preliminary injunction, plaintiffs allege and contend that the sale of any property described in the judgment will substantially decrease their equities in that property, and that defendant Berry will be unable to pay monetary damages.

Defendant alleged that plaintiffs' remedy at law was adequate and that, since plaintiffs were not parties to the action in which the default judgment was rendered, they are without standing to attack that judgment; that the default judgment was properly docketed at the time plaintiffs purchased the property at the foreclosure sale, and therefore plaintiffs purchased subject to all encumbrances of record. Defendant Berry did, however, indicate through counsel that he would consent to any formal order striking the numbered lots from the claim.

By his order filed 28 May 1976, Judge Snepp found that defendant Berry was seeking execution only upon the common area of the subject property; that plaintiffs had failed to show that irreparable injury would result from a sale of the property; and that plaintiffs had no standing to attack the default judgment. He, thereupon, dissolved the temporary restraining order, denied plaintiffs' motion for a preliminary injunction, and ordered that defendant Berry be only restrained from executing on the numbered lots. Plaintiffs appealed.

In affirming Judge Snepp's order, the Court of Appeals held (1) that although the default judgment did not specifically declare a lien on the subject property, the language used was sufficient to constitute such a declaration; (2) that liens established under Chapter 44A of the General Statutes are "contractual security" and therefore a clerk of superior court may enter default judgments pursuant to Rule 55(b)(1) of the Rules of Civil Procedure; (3) that the provisions of G.S. 44A-13 relating to the place where an action to enforce a lien pursuant to Chapter 44A is to be instituted pertain to venue and not to jurisdiction; (4) that plaintiffs had no standing to challenge the itemized account in the former action; and (5) that since plaintiffs failed to assert any legitimate grounds for setting aside the default judgment the issue of plaintiffs' standing to attack the judgment was rendered moot.

We allowed plaintiffs' petition for discretionary review on 13 June 1977.

*Dark & Edwards, by L. T. Dark, Jr., and Henderson, Henderson & Shuford, by David H. Henderson and William A. Shuford, for plaintiff-appellants.*

*Harkey, Faggart, Coira & Fletcher, by Francis M. Fletcher, Jr., and Henry A. Harkey, for defendant-appellee, Billy Eugene Berry.*

BRANCH, Justice.

This appeal presents the question of whether the trial judge erred by denying plaintiffs' application and motion for a preliminary injunction prohibiting defendants from enforcing the claim of lien filed in Watauga County. It is plaintiffs' position that he did.

[1] Plaintiffs first contend that the Mecklenburg Superior Court is without jurisdiction to enforce a claim of lien filed in Watauga County. In support of this contention, they point to the following language in G.S. 44A-12:

> (a) Place of Filing. — All claims of lien against any real property must be filed in the office of the clerk of superior court in each county wherein the real property subject to the claim of lien is located. The clerk of superior court shall note

the claim of lien on the judgment docket and index the same under the name of the record owner of the real property at the time the claim of lien is filed. An additional copy of the claim of lien may also be filed with any receiver, referee in bankruptcy or assignee for benefit of creditors who obtains legal authority over the real property.

G.S. 44A-13(a) further provides:

> Where and When Action Instituted. — An action to enforce the lien created by this Article may be instituted in any county in which the lien is filed. No such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien. If the title to the real property against which the lien is asserted is by law vested in a receiver or trustee in bankruptcy, the lien shall be enforced in accordance with the orders of the court having jurisdiction over said real property.

Plaintiffs argue that since a notice and claim of lien *must* be filed in every county in which the land to be encumbered lies and since an action to enforce the claim *may* be instituted "in any county in which the lien is filed," the necessary implication is that such actions may be brought only in the county in which the land lies.

This Court considered a similar question in *Sugg v. Pollard*, 184 N.C. 494, 115 S.E. 153, 155. There an action to foreclose a labor and materialman's lien was instituted in Lee County to enforce a claim of lien filed in Pitt County, the county in which the land was situated. Defendant claimed that plaintiffs had thereby lost their lien and were only entitled to a money judgment. Treating the question as one of venue, this Court stated:

> The lien sued upon in this action was duly filed in the county of Pitt, where the land lay. It is not provided in any of these sections where the action to foreclose such lien should be brought, but if it had been brought in any of those cases where the venue is specifically prescribed, still the error in the venue would not have been fatal, and a judgment obtained in any county where the action was brought would not have been invalid for error in the venue, "unless the defendant, before the time of answering expired, demanded in writing that the trial be conducted in the proper county,

and the place of trial is thereupon changed by consent of parties, or by order of the court." ·

*See also, Penland v. Church,* 226 N.C. 171, 37 S.E. 2d 177.

At the time *Sugg* and *Penland* were decided, the statutes concerning foreclosure of labor and materialmen's liens contained no language relating to where an action to enforce such lien should be instituted. Amendments to Chapter 44A enacted by the 1969 Legislature by Session Laws 1969, Chapter 1112, effective 1 January 1970, resulted in the language which appears in the above-quoted statutes. We are, therefore, confronted with the question of whether the language contained in G.S. 44A-13(a) stating that the action to enforce a lien "may be instituted in any county in which the lien is filed" is a jurisdictional requirement.

G.S. 7A-240 confers jurisdiction in *all* civil matters upon the General Court of Justice, and which court within the General Court of Justice is to hear a civil matter is controlled by the venue provisions of Article 7, Chapter 1 of the General Statutes. We are of the opinion that the ambiguous language contained in G.S. 44A-13(a) does not indicate a legislative intent to depart from the established law governing the enforcement of labor and material liens.

This conclusion is buttressed by the recent enactment of an amendment to Chapter 44A. G.S. 44A-13(c), effective 1 July 1977, provides:

Notice of action. Unless the action enforcing the lien created by this Article is instituted in the county in which the lien is filed, in order for the sale under the provisions of G.S. 44A-14(a) to pass all title and interest of the owner to the purchaser good against all claims or interests recorded, filed or arising after the first furnishing of labor or materials at the site of the improvement by the person claiming the lien, a notice of lis pendens shall be filed in each county in which the real property subject to the lien is located within 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien. It shall not be necessary to file a notice of lis pendens in the county in which the action enforcing the lien is commenced in order for the judgment entered therein and the sale declared thereby to carry with it the priorities set forth in G.S. 44A-14(a). If neither an action nor a notice of lis pendens is

filed in each county in which the real property subject to the lien is located within 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien, as to real property claimed to be subject to the lien in such counties where the action was neither commenced nor a notice of lis pendens filed, the judgment entered in the action enforcing the lien shall not direct a sale of the real property subject to the lien enforced thereby nor be entitled to any priority under the provisions of G.S. 44A-14(a), but shall be entitled only to those priorities accorded by law to money judgments.

In interpreting statutes, the primary duty of this Court is to ascertain and effectuate the intent of the Legislature. *Newlin v. Gill*, 293 N.C. 348, 237 S.E. 2d 819; *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22; *Lockwood v. McCaskill*, 261 N.C. 754, 136 S.E. 2d 67. In ascertaining this intent, it is always presumed that the Legislature acted with full knowledge of prior and existing law. *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793. Further, light may be shed upon the intent of the General Assembly by reference to subsequent amendments which, although normally presumed to change existing law, may be interpreted as clarifying it. *See, Childers v. Parker's, Inc.*, 274 N.C. 256, 162 S.E. 2d 481.

The enactment of G.S. 44A-13(c) is a strong indication that it was not the intent of the Legislature to enact a jurisdictional requisite when it used language in G.S. 44A-13(a) to the effect that such action "may be instituted in any county in which the lien is filed." The effect of this amendment is to give protection to purchasers and examiners of titles no matter where the action to enforce the lien is instituted. Had the Legislature intended to create a jurisdictional requirement as to the enforcement of liens, it could easily have done so by the use of explicit language. In our opinion, it is the better practice to file the action to enforce a lien in the county in which the claim of lien is filed. Even so, the General Assembly has the power to regulate proceedings in all courts below the Supreme Court, *Highway Commission v. Hemphill, supra,* and the procedure for enforcing labor and material liens is for that body.

The Court of Appeals correctly held that the Superior Court of Mecklenburg County had jurisdiction to enforce the claim of lien filed in Watauga County.

Plaintiffs next contend that the Assistant Clerk was without jurisdiction to enter that portion of the default judgment which purports to enforce the claim of lien and, therefore, that part of the judgment is void.

In *Pruden v. Keemer*, 262 N.C. 212, 136 S.E. 2d 604, Justice Bobbitt (later Chief Justice) stated:

The basic question is whether the clerk had jurisdiction to enter the purported default judgment of August 1, 1961. If not, said purported judgment is absolutely void and must be treated as a nullity. *Deans v. Deans*, 241 N.C. 1, 9-10, 84 S.E. 2d 321, and cases cited.

The clerk of the superior court has no common law or equitable jurisdiction. *McCauley v. McCauley*, 122 N.C. 288, 30 S.E. 344. The clerk is a court "of very limited jurisdiction — having only such jurisdiction as is given by statute." *Moore v. Moore*, 224 N.C. 552, 555, 31 S.E. 2d 690, and cases cited; *In re Dunn*, 239 N.C. 378, 383, 79 S.E. 2d 921; *Deans v. Deans*, supra. As stated by Seawell, J., in *Johnston County v. Ellis*, 226 N.C. 268, 279, 38 S.E. 2d 31: "The jurisdiction of the clerk of Superior Court is statutory and limited, and can be exercised only with strict observance of the statute."

[2] Considering a former statute which provided that the clerk could enter judgment only on Mondays, this Court held that a sale based upon a judgment rendered by the clerk on a day other than Monday was void. *Ange v. Owens*, 224 N.C. 514, 31 S.E. 2d 521. Likewise, where the clerk's authority was limited to the entry of voluntary nonsuits and the judgment signed by the clerk showed on its face that the nonsuit was entered upon his findings of fact, the Court held that "the clerk having undertaken to enter a kind of judgment which she had no jurisdiction to enter the judgment so entered is void and is a nullity, and may be so treated at all times." *Moore v. Moore*, 224 N.C. 552, 31 S.E. 2d 690. The Legislature has granted assistant clerks of superior court the same authority as that given to clerks of the superior court. G.S. 7A-102(b). Accordingly, the actions of an assistant clerk of court are also guided by the principles set forth in the cases above discussed.

The authority of a clerk or an assistant clerk of court to enter default judgments and make further orders to consummate

foreclosure is found in Rule 55 of the Rules of Civil Procedure. Rule 55, in pertinent part, provides:

> (b) Judgment. — Judgment by default may be entered as follows:
>
>> (1) By the Clerk. — When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person. A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain.
>>
>> In all cases wherein, pursuant to this rule, the clerk enters judgment by default upon a claim for debt which is secured by any pledge, mortgage, deed of trust or other contractual security in respect of which foreclosure may be had, or upon a claim to enforce a lien for unpaid taxes or assessments under G.S. 105-414, the clerk may likewise make all further orders required to consummate foreclosure in accordance with the procedure provided in Article 29A of Chapter 1 of the General Statutes entitled "Judicial Sales."

[3] Thus, the clerk's authority to enter orders consummating foreclosure in default judgments is limited to judgments entered on a debt which is secured by "any pledge, mortgage, deed of trust, or other contractual security . . . or upon a claim to enforce a lien for unpaid taxes or assessments under G.S. 105-414." Obviously, the entry of that portion of the judgment here under attack was not based on the clerk's statutory authority to enter judgments where the debt was secured by pledge, mortgage, deed of trust or to enforce a lien for unpaid taxes or assessments. We, therefore, must decide whether the enforcement of a claim of lien pursuant to Chapter 44A of the General Statutes is a claim for debt secured by "contractual security."

At common law, liens upon the property of a debtor were created only by contract, by statute, or by usages of trade and commerce. *See, Gunton v. Nock,* 76 U.S. (9 Wall.) 373. These

methods remain the only means by which a lien upon a debtor's property may be created. 51 Am. Jur. 2d, *Liens*, Section 6. Thus, there has always been a distinction between liens created by contract and liens created by statute. There is nothing in the language of Rule 55(b)(1) which blurs this ancient distinction.

Defendant Berry concedes that his statutory lien is not truly "contractual," but he contends that since the lien is founded upon a contract to furnish materials and to perform labor it is, nevertheless, "contractual security." This position is contrary to the long standing distinction between contractual and statutory liens. Our examination of Chapter 44A of the General Statutes and Rule 55 of G.S. 1A-1 discloses nothing which indicates that the Legislature intended that the provisions of 44A be included in every contract which might ultimately result in the establishment of a lien for materials furnished or labor performed.

Furthermore, acceptance of defendant's argument would require us to violate established principles of statutory construction. Pledges, mortgages, and deeds of trust all result from expressions of consent or agreement between the affected parties. They are, in the truest sense, examples of liens upon property created by contract. For us to hold that the terms "other contractual security" includes statutory liens would require us to give a meaning to that term which is wholly distinct and contrary to the connotation of the terms which precede it. Such construction would be contrary to the doctrine of *ejusdem generis. See, State v. Ross*, 272 N.C. 67, 157 S.E. 2d 712; *In re Dillingham*, 257 N.C. 684, 127 S.E. 2d 584; *Turner v. Board of Education*, 250 N.C. 456, 109 S.E. 2d 211.

[4] We hold that liens established pursuant to Chapter 44A of the General Statutes are not "contractual security" within the meaning of Rule 55(b)(1) of the Rules of Civil Procedure and that a clerk or assistant clerk of court is without jurisdiction to make orders consummating foreclosure of liens established pursuant to Chapter 44A of the General Statutes. Therefore, that portion of the judgment entered by the Assistant Clerk of Superior Court of Mecklenburg County which ordered the enforcement of defendants' claim of lien is void.

We turn to defendants' contention that plaintiffs do not have standing to attack the default judgment.

[5]   The general rule is that a judgment may not be attacked by one who is a stranger to the action in which it was entered. *In re Bank*, 208 N.C. 509, 181 S.E. 621. However, this rule is not without exception. A judgment which is void, as opposed to being merely voidable or irregular, may be attacked at any time by anyone whose interests are adversely affected by it. *See, Simmons v. Simmons*, 228 N.C. 233, 45 S.E. 2d 124; *Fowler v. Fowler*, 190 N.C. 536, 130 S.E. 315. For example, when a judgment operates as a lien upon real property, one who later acquires the property, even after entry of judgment, may move to vacate the judgment on the ground that it is void. Freeman, 1 Judgments, Section 261; 49 C.J.S. *Judgments*, Section 293 at page 542. One qualification to the above-stated exception is that the grounds which support an allegation that a judgment is void must appear upon the face of such judgment, *Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617, or the plaintiff must allege facts which, if supported by competent evidence, would vitiate or nullify an otherwise apparently valid judgment. *See, Hinton v. Whitehurst*, 214 N.C. 99, 198 S.E. 579.

The grounds upon which plaintiffs here attack the judgment appear upon its face. Obviously, the record owners of the property would be adversely affected by a sale of their property pursuant to the void judgment. We, therefore, hold that plaintiffs have standing to attack the default judgment entered by the Assistant Clerk of Mecklenburg County.

[6]   Plaintiffs question the sufficiency of the claim of lien upon which the original action was based. The Court of Appeals did not directly address this question but disposed of this contention by deciding that only the defendants in the prior action had standing to raise that point.

In *Priddy v. Lumber Co.*, 258 N.C. 653, 129 S.E. 2d 256, defendant lumber company furnished materials on the property in litigation prior to the time that owners executed a note to plaintiff secured by a deed of trust, which was recorded prior to the time that defendant instituted its action to foreclose its material lien. The owner defendant filed no answer in the action to foreclose and default judgment was entered. Neither plaintiff nor the trustee in the deed of trust securing plaintiffs' note was made a party to the action to foreclose defendants' lien. The property was sold under the lumber company's purported lien and plaintiff

bought at the execution sale. Thereafter plaintiff instituted action to determine the priority of liens as between him and defendant lumber company.

By that action, the plaintiff attacked the purported claim of lien upon which the action was based on the grounds that it contained items fraudulently furnished in order to keep the claim alive and that the claim of lien was not filed within the time required by statute. The defendant, on the other hand, contended that plaintiff was estopped from denying the validity of the sale. The trial judge heard the matter without a jury and concluded as a matter of law that defendant's judgment had priority over plaintiff's deed of trust, held the execution sale to be valid and dissolved an existing temporary order restraining the sheriff from completing the sale.

In ordering a new trial, Justice Sharp (now Chief Justice) speaking for the Court, in pertinent part, stated:

> If a third person had become the last and highest bidder at the sale, clearly plaintiff would not have been estopped to maintain the priority of his deed of trust. While the defendant's judgment is in all respects binding as between Davis and defendant, the plaintiff is not bound by it since he was not a party to it. *Thomas v. Reavis*, 196 N.C. 254, 145 S.E. 226.

*See also, Childers v. Powell*, 243 N.C. 711, 92 S.E. 2d 65; *Assurance Society v. Basnight*, 234 N.C. 347, 67 S.E. 2d 390, for the proposition that when a subsequent encumbrancer is not joined in the action to enforce a mechanics or materialman's lien, he is not bound by the judgment between the contractor and the owner and may assert his rights, whatever they may be, in a separate action.

In *Lumber Co. v. Builders*, 270 N.C. 337, 154 S.E. 2d 665, we held that where a claim of lien required itemization there must be "a statement in sufficient detail to put interested parties, *or parties who may become interested*, on notice as to labor performed or materials furnished, the time when the labor was performed and the materials furnished, the amount due therefor, and the property on which it was employed." (Emphasis ours.) *Accord, Lowery v. Haithcock*, 239 N.C. 67, 79 S.E. 2d 204; *Cameron v. Lumber Co.*, 118 N.C. 266, 24 S.E. 7.

In instant case, plaintiffs hold title through the foreclosure and sale of the lands in litigation under a deed of trust securing a note to Wachovia Bank and Trust Company. The deed of trust securing Wachovia's note was executed and recorded prior to the institution of the action in Mecklenburg Superior Court. Neither plaintiffs nor the holder of the note secured by the deed of trust nor the trustee in that deed of trust was made a party to the action to foreclose the lien instituted in Mecklenburg County. Under these circumstances, we conclude that plaintiffs do have standing to attack the sufficiency of the claim of lien.

[7] A preliminary injunction, the relief here sought, is an extraordinary measure taken by a court to preserve the status quo of the parties during litigation. It will be issued only (1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation. *Waff Bros., Inc. v. Bank*, 289 N.C. 198, 221 S.E. 2d 273; *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348; *Conference v. Creech*, 256 N.C. 128, 123 S.E. 2d 619.

The creation of a cloud on title has been held to result in such injury as to warrant a permanent injunction, 42 Am. Jur. 2d, *Injunctions*, Section 71, and to warrant the continuance of a preliminary injunction. *Holden v. Totten*, 224 N.C. 547, 31 S.E. 2d 635. Here enforcement of the lien and sale thereunder would create a cloud on plaintiffs' title which would require litigation to clear the title.

We are of the opinion that plaintiffs have sufficiently shown the likelihood of success upon the trial of their case upon its merits and that injunctive relief is necessary for the protection of plaintiffs' property rights during the course of this litigation. We, therefore, hold that Judge Snepp erred by denying plaintiffs' application and motion for a preliminary injunction.

The decision of the Court of Appeals is reversed and this cause is remanded to the Court of Appeals with direction that it be remanded to the Superior Court of Mecklenburg County for proceedings consistent with this opinion.

Reversed and remanded.