### H. C. SUGG and Wife v. W. A. POLLARD.

(Filed 20 December, 1922.)

**1. Judgments—Liens—Priorities—Lis Pendens.**

The question of *lis pendens* does not arise in considering the priority of liens between judgments obtained and docketed at different times.

**2. Judgments—Liens—Material Men—Laborers—Homestead—Waiver.**

A debtor may not claim his homestead (Const., Art. X, sec. 4) against the lien of a judgment in favor of the furnishers of material, etc.; and were it otherwise, he must claim it in apt time or he will be deemed to have waived it; and this right being personal to him, it cannot be asserted by his creditors.

**3. Liens—Material Men—Venue—Motions—Removal of Causes—Transfer of Causes—Waiver—Judgments—Statutes.**

An action to enforce a lien for materials furnished and used in a building is not specifically required to be brought in the county wherein the building is situated, but comes within the provisions of C. S., 469, making the venue where the plaintiffs or defendants reside, etc.; and where the venue is improper, the action may nevertheless be proceeded with to judgment, unless demand for a change of venue is made on motion, the failure to do so being a waiver of the right. Where a judgment establishing a lien of this character has been obtained by timely procedure in a different county from that wherein the building is situate, and the defendant debtor has appeared and has entered no objection, upon docketing the judgment in the county of the situs of the property, the court may appoint a commissioner to sell the property in subjection to the lien. *Semble,* this applies to instances where the statutes specify the venue.

**4. Liens — Material Men — Removal of Causes—Transfer of Causes—Docket—Entries.**

Where a judgment establishing a lien for material furnished and used in a building has been transferred and docketed in the county wherein the building is situated, the mere fact that the entry on the judgment docket in the latter county does not specify this kind of lien is immaterial when the judgment filed therein specifically does so.

Appeal by defendant from *Brock, J.,* at chambers in New Bern, 28 November, 1922, from Pitt.

This case was submitted upon an agreed statement of facts. It appears therefrom that on 25 May, 1921, J. W. Stout & Company filed notice of lien in the office of the clerk of the Superior Court of Pitt against the Farmville Auto Service Company, owners of the land and buildings duly described in said lien, on which they claimed a laborers' and material man's and mechanic's lien for the sum of $13,694.83— which was in due form and duly recorded in the lien book in said office. The land and buildings on which the lien was filed lie in Pitt County. On 27 June, 1921, Stout & Company brought an action in the Superior Court of Lee against the Farmville Auto Service Company in which the

plaintiffs asked judgment against the defendant in the sum of $13,694.83, and that it be declared a lien upon the property described in the complaint and lien, and that a commissioner be appointed to sell the said land under the lien filed in Pitt County above referred to.

At October Term, 1921, of the Superior Court of Lee judgment was rendered by *Cranmer, J.,* for the sum demanded, decreeing the validity of the lien and sale thereunder, and appointing a commissioner to make such sale, which judgment was transcripted and filed and docketed in the office of the clerk of Superior Court of Pitt on 2 December, 1921, more than 6 months from filing of the notice of the lien in Pitt. There was entered on the judgment docket of Pitt County a transcript of said judgment for the aforesaid sum, and interest from 1 December, 1920, until paid, and the judgment in full was certified and filed in the judgment roll in the office of the clerk of the Superior Court of Pitt.

After the docketing of the said Lee County judgment in Pitt on 2 December, 1921, and prior to the sale of the land in controversy, which was covered by said lien, several judgments were taken against the Farmville Auto Service Company, aggregating several thousand dollars, and docketed in the office of the clerk of the Superior Court of Pitt. Pursuant to the aforesaid judgment of J. W. Stout & Company against the Farmville Auto Service Company, which was taken in Lee and transcripted and docketed in Pitt, and to a supplemental order in Lee substituting Richard T. Martin in the place of D. B. Teague as commissioner to make sale of the land described in the complaint, said Martin proceeded to advertise said land under said judgment and decree, and exposed the same for public sale on the premises on 29 April, 1922. Mrs. Carrie E. Sugg bid $20,000 for said land at said sale, and was declared the purchaser. The said sale was reported to the Superior Court of Lee, and the said commissioner was ordered to make deed to the purchaser on her complying with the bid; said order being made by *Allen, J.,* at July Term, 1922, of Lee.

R. T. Martin made deed to said Carrie E. Sugg of said land and property on 8 August, 1922, the deed being in regular form, and made final report to the Superior Court of Lee, which was approved and the commissioner discharged by *Allen, J.,* at the October Term, 1922, of said County.

On 10 August, 1922, the plaintiffs and the defendant entered into an agreement in writing by which the plaintiffs Carrie E. Sugg and husband agreed to sell to the defendant the real property described in the complaint (which had been sold under said decree and purchased by her), for the sum of $24,500 in cash, and to execute a deed in fee simple with full warranties and covenants conveying to the defendant a good and indefeasible title in fee simple, free and clear from all encumbrances, said deed to be executed and delivered on or before 11 November, 1922.

In accordance with the terms of said written agreement, the plaintiffs tendered to the defendant, on 10 November, 1922, a deed complying with the terms of said written agreement in fee simple, with full warranties and covenants, but the said defendant refused to accept said deed of conveyance and to pay over to the plaintiffs the agreed sum, alleging that the plaintiffs did not have a good title and could not convey to him a good and indefeasible title to the land in controversy, but asserted that he is ready and willing to accept a deed and pay the alleged consideration provided the plaintiffs would convey to him a good and indefeasible title to said land in controversy. It is admitted that all the proceedings above set forth were regular. The court rendered judgment in favor of the plaintiffs, and the defendant appealed.

*F. C. Harding for plaintiffs.*
*Julius Brown for defendant.*

CLARK, C. J. The defendant assigns as error that the action for which judgment was recovered upon the lien and debt was not recovered in Pitt County, and no notice of *lis pendens* was ever filed in that county; that the suit "was brought by claimants in Lee County in June, 1921, for judgment and to perfect and foreclose the lien filed in Pitt County, and that Lee County was the wrong venue, as the action should have been brought in Pitt; and that the judgment taken in Lee in October, 1921, was docketed in Pitt 2 December, 1921, more than 6 months after filing of lien." The bare fact that judgment for the plaintiff and against defendant for the amount had been entered on the judgment docket, no mention of the lien being made on the docket in Pitt, is immaterial, for the judgment and decree in full was filed in the clerk's office of Pitt.

The defendant contends that the claimants lost their laborers' and mechanics' lien, and that the Lee County judgment docketed in Pitt was only a personal judgment, under which execution could issue, and the sheriff could not sell the property without having the homestead allotted, and the sale and deed of R. T. Martin, commissioner, was illegal.

It appears in the record that the judgments docketed subsequent to the docketing of the judgment of J. W. Stout & Company on 2 December, 1921, were all obtained after the docketing of the decree and judgment under which the plaintiff, Carrie E. Sugg, bought. The question of *lis pendens,* therefore, does not apply.

If this judgment had been merely a personal judgment against the defendant therein, and the sale was had under it, it would have conveyed a clear title to the purchaser independent of the lien, so far as appears upon the facts agreed. If the defendant in said judgment, the Farm-

ville Auto Service Company, was a corporation, as its title implies, it was not entitled to have the homestead set off, and if it was a partnership they made no claim to have the homestead allotted, and it does not appear that they had not already taken a homestead in other property. But the judgment taken in Lee recites the filing of the lien in due time and regularly, and decreed that the property should be sold thereunder, and, it is stated in the facts agreed, this was certified in full and filed in the judgment roll in the office of the clerk of the Superior Court of Pitt.

In the trial in Lee on the action to foreclose the lien, the defendants filed an answer and were represented by counsel, and the jury found, upon the issues submitted, that the contract for the construction of a garage building was made, as alleged; that the contractors, Stout & Company, completed the building 11 March, 1921, and that the balance due them was for $13,694.83, with interest as claimed, which was for labor and material furnished in the construction of said building alleged in the complaint, and that the plaintiff in apt time filed notice and claimed a lien in Pitt County, where the property was situated, upon which the garage was constructed, and the lien upon said building was regularly filed for the sum due. As against this lien, the homestead could not be claimed. Const., Art. X, sec. 4. *Broyhill v. Gaither,* 119 N. C., 445, and cases cited thereto in Anno. Ed.

It appears that the Farmville Auto Service Company was a partnership and not a corporation. If it had been the latter it could have claimed no homestead even if this had been merely a personal judgment. Being a partnership, the partners, if not already possessed of a homestead, could have claimed it against a mere personal judgment, but this was a personal privilege, and if the defendants, duly served with summons and appearing in the action, did not take any exception to the decree directing a sale of the property to satisfy the lien without the reservation of a homestead, they are estopped by the judgment. Indeed, they could have had no homestead as against the lien which was adjudged against them—and certainly the owners of judgments docketed against them subsequent to the docketing of the judgment in this case cannot avail themselves of the plea that the homestead should have been set off as against this judgment. The right to a homestead is a personal privilege.

The only defect set up by the defendant is that Lee County was the wrong venue for this action, in which both the debt and the lien were adjudged, and the sale directed to be made under the lien which had been duly filed in Pitt.

Prior to the Code of 1868, a defect of venue was jurisdictional and ground for the dismissal of the action on a plea in abatement. *Smith*

v. *Morehead,* 59 N. C., 361; *Killian v. Fulbright,* 25 N. C., 9. This was changed by the Code of Civil Procedure adopted in 1868. Therein the provision, now C. S., 463, required the following causes of action to be brought in the county in which the subject of the action or some part thereof is situated, *i. e.,* for recovery of real property; partition of real property; foreclosure of a mortgage of real property; and for recovery of personal property. C. S., 464, prescribes that actions for certain causes therein named should "be tried in the county where the cause of action, or some part thereof, arose," both of these sections adding, "subject to the power of the court to change the place of trial." C. S., 465, prescribes that actions upon official bonds and against executors and administrators, in their official capacity, shall be tried in the county where their bonds were given. C. S., 466, prescribes the venue for actions by and against domestic corporations; and C. S., 467, the venue in actions against foreign corporations. Section 468 prescribes the venue in actions against railroads; and section 469 provides: "*Venue.* In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement," etc., "subject" (as the other provisions are) "to the power of the court to change the place of trial." Section 467 provides specifically as follows: "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties or by order of the court."

The lien sued upon in this action was duly filed in the county of Pitt, where the land lay. It is not provided in any of these sections where the action to foreclose such lien should be brought, but if it had been brought in any of those cases where the venue is specifically prescribed, still the error in the venue would not have been fatal, and a judgment obtained in any county where the action was brought would not have been invalid for error in the venue, "unless the defendant, before the time of answering expired, demanded in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court." It has been repeatedly affirmed that "failure to demand change of venue in apt time is a waiver of the right." *McArthur v. Griffith,* 147 N. C., 545; *Allen-Fleming Co. v. R. R.,* 145 N. C., 37; *Garrett v. Bear,* 144 N. C., 26, and numerous other cases cited under C. S., 470.

There is no venue prescribed as to an action to foreclose the lien under which this property was sold; and, therefore, for a stronger reason, this action, which was brought in another county than that

where the property lay, is valid. There was no motion to remove to Pitt County made by the defendant upon whom the summons in the action was duly served. Indeed, the proceedings in all respects, from start to finish, according to the facts agreed, were admitted to be regular except for the allegation that Lee County was the wrong venue. It appears from C. S., 469, that the venue was not required to be in any other county, and under C. S., 470, even if the venue was wrong, the failure to demand change of venue in apt time cured the defect.

If the action had been brought in Lee County to foreclose a mortgage upon land lying in Pitt, a decree of foreclosure appointing a commissioner to sell said land rendered in Lee, there being no motion to remove taken in apt time, would have been valid. C. S., 470.

Upon the facts agreed, the judgment must be
Affirmed.