RHEA PENLAND, Trading as BURNSVILLE CONSTRUCTION COMPANY, v. RED HILL METHODIST CHURCH and RABURN YELTON, W. B. GREENE, RUSSELL WOODY, H. S. GORTNEY, WILLARD YOUNG, DONT WHITSON, WALTER GARLAND and NATHAN YELTON, Trustees and Members of the BUILDING COMMITTEE OF RED HILL METHODIST CHURCH.

(Filed 6 March, 1946.)

**1. Venue § 2a—**

In an action to recover balance due on contract for construction of a building and for the sale of the property to satisfy the laborers' and

materialmen's lien duly filed in the county where the land is situate, defendants are entitled as a matter of right to the removal of the action from the county of plaintiff's residence to the county in which the land lies, upon their motion duly made.

**2. Same—**

Plaintiff may not successfully contend that his action is for a money judgment only in order to prevent removal of the action to the county wherein the land is situate when he seeks to recover not only the balance due on his contract of construction, but also seeks to enforce his laborers' and materialmen's lien by sale of the property.

APPEAL by plaintiff from *Bobbitt, J.,* at January Term, 1946, of YANCEY.

Civil action instituted in Yancey County, where the plaintiff resides, to recover the sum of $2,366.00, the alleged balance due the plaintiff on a contract for the construction of a church building for the defendants, in Mitchell County, and for an order directing the sale of said church property to satisfy the above sum, which is secured by a laborers' and materialmen's lien duly filed in the office of the Clerk of the Superior Court of Mitchell County, 28 December, 1945.

In apt time the defendants made a motion before the Clerk of the Superior Court of Yancey County to remove the cause to Mitchell County, on the ground that the latter county was the proper venue. The motion was granted and the plaintiff appealed to his Honor, the judge holding the courts of the Eighteenth Judicial District, who held that Mitchell County was the proper venue for the trial of this action, and entered an order accordingly.

Plaintiff excepted and appealed to the Supreme Court.

*Watson & Fouts for plaintiff.*
*W. C. Berry and Charles Hutchins for defendants.*

DENNY, J. The appellant insists he had the right to institute this action in Yancey County and to have the case tried there, notwithstanding the fact that the lien he seeks to foreclose was filed in Mitchell County, where the land lay. He is relying upon *Sugg v. Pollard,* 184 N. C., 494, 115 S. E., 153. There the action was brought in Lee County and the lien had been filed in Pitt County. However, it will be noted that in that case there was no motion for removal to Pitt County. The defendant was duly served with summons, filed an answer, and participated in the trial in Lee County. The validity of the judgment was thereafter challenged on the ground that Lee County was the wrong venue. This Court held that the statute does not expressly prescribe

venue for an action to foreclose a lien, therefore if the venue was wrong, the failure to demand change of venue in apt time cured the defect. The Court further pointed out that "If the action had been brought in Lee County to foreclose a mortgage upon land lying in Pitt, a decree of foreclosure appointing a commissioner to sell said land rendered in Lee, there being no motion to remove taken in apt time, would have been valid." However, the defendants herein, in apt time filed their motion for removal to the county where the lien had been filed and where the real property involved is located. And we see no essential difference in so far as an interest in real property is involved, in an action to foreclose a mortgage, a lien created by contract, and in one to foreclose a specific statutory lien on real property.

The appellant further contends, however, that his action is for a money judgment only and therefore is not analogous to an action for the foreclosure of a mortgage or an action to foreclose a lien. We cannot so hold in view of the allegations of the complaint. The balance claimed to be due is bottomed upon the alleged contract, but even so, the plaintiff is relying upon his lien for the payment thereof. He so pleads and in his prayer for relief he asks for the specific property upon which he holds his lien, to be sold to satisfy his judgment, costs, etc. Therefore, we think Mitchell County is the proper venue for the trial of this cause and that the defendants were entitled, as a matter of right, to have their motion for removal granted. *Mortgage Co. v. Long,* 205 N. C., 533, 172 S. E., 209; *Councill v. Bailey,* 154 N. C., 54, 69 S. E., 760; *Connor v. Dillard,* 129 N. C., 50, 39 S. E., 641; *Fraley v. March,* 68 N. C., 160; cf. *White v. Rankin,* 206 N. C., 104, 173 S. E., 282.

The judgment of the court below is
Affirmed.