RIDGE COMMUNITY INVESTORS, INC.; F. L. WRENN, TRUSTEE; W. CLYDE BURKE AND WIFE, NORMA B. BURKE; HAROLD H. GRISWOLD AND WIFE, DOROTHY B. GRISWOLD; AND MILL RIDGE PROPERTY OWNERS ASSOCIATION, INC. v. BILLY EUGENE BERRY, AND WARD CARROLL, SHERIFF OF WATAUGA COUNTY, NORTH CAROLINA

No. 7626SC760

(Filed 6 April 1977)

1. **Laborers' and Materialmen's Liens § 8; Judgments § 6— default judgment — failure to make award a specific lien**

    Although a judgment contained no provision expressly declaring the monetary award a lien on the lands referred to therein, the judgment was sufficient to impose a laborer's and materialman's lien on such lands where it purported to perfect the notice and claim of lien filed in the county in which the property was located, declared that it should be retroactive to the date labor and materials were first furnished, and ordered that execution issue on lands which were adequately identified.

2. **Laborers' and Materialmen's Liens § 8; Rules of Civil Procedure § 55— laborer's and materialman's lien — default judgment — execution — assistant clerk of court**

    A laborer's or materialman's lien is a "contractual security" within the meaning of the provision of G.S. 1A-1, Rule 55(b)(1) giving the clerk authority to make further orders required to consummate foreclosure when the clerk enters judgment by default upon a claim for debt which is secured by any "pledge, mortgage, deed of trust or other contractual security" in respect of which foreclosure may be had; therefore, an assistant clerk of court had authority to

Investors, Inc. v. Berry

enter a default judgment establishing a laborer's and materialman's lien on certain lands and ordering that execution issue on such lands. G.S. 7A-102(b).

**3. Laborers' and Materialmen's Liens § 8— enforcement of lien — jurisdiction — land in another county**

An action to enforce a laborer's or materialman's lien is not required by G.S. 44A-12 and G.S. 44A-13(a) to be brought in the county in which the realty subject to the lien is located; therefore, the Superior Court of Mecklenburg County had jurisdiction to declare a laborer's lien on realty located in Watauga County.

**4. Laborers' and Materialmen's Liens § 8— prior enforcement action — statement of account — standing to complain**

Only the defendants in a prior action to enforce a laborer's and materialman's lien had standing to complain that the statement of account attached to the complaint in that action was not properly itemized.

**5. Laborers' and Materialmen's Liens § 9— subordination agreement — insufficiency for preliminary injunction**

An agreement subordinating a laborer's and materialman's lien to a bank's deed of trust under which plaintiffs claim title which was vague as to the specific property included was insufficient to entitle plaintiffs to a preliminary injunction prohibiting the sale of common and public areas of a ski resort development pursuant to execution on a judgment establishing the laborer's and materialman's lien on the property.

APPEAL by plaintiffs from *Snepp, Judge.* Order entered 28 May 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 February 1977.

In this action, instituted 7 May 1976, plaintiffs seek (1) to have declared null and void a judgment rendered in the Superior Court of Mecklenburg County insofar as it purports to establish a lien on certain lands of plaintiffs located in Watauga County, and (2) to have defendant Carroll, as Sheriff of Watauga County, restrained and enjoined from selling plaintiffs' lands pursuant to an execution issued on said judgment.

Upon the filing of the complaint the court entered a temporary restraining order returnable on 12 May 1976. At the hearing on plaintiffs' motion that the temporary restraining order be succeeded by a preliminary injunction, the following was made to appear:

On 7 June 1974 defendant Berry brought an action in Mecklenburg Superior Court against Caledonia Corporation

and Mill Ridge Developers, Inc. (Mill Ridge). In his complaint he alleged that he had furnished labor and materials in connection with the making of improvements on property owned by Caledonia and Mill Ridge in Watauga County; that he had not been paid; and that he was entitled to a laborer's lien on the property. He had filed a notice and claim of lien in Watauga County setting out a description of the real estate on which he claimed a lien and stating that the date of first furnishing of labor and materials was 27 November 1972.

Caledonia and Mill Ridge filed no answer and on 17 July 1974 default judgment was entered against them for $16,894.27. The judgment was signed by an assistant clerk of superior court and contains the following language: "AND IT IS FURTHER ORDERED . . . that this Judgment be transcribed and that execution issue against that property of the said defendants described as follows, retroactive to the 27th day of November, 1972. . . . " The judgment then contained a description of the real estate on which defendant Berry claimed a lien; the description includes several numbered lots shown on a subdivision plat recorded in Watauga County Registry together with certain unnumbered areas of the subdivision.

In their verified complaint plaintiffs allege that they own portions of the property described in the judgment; that said judgment is void for the reasons hereinafter set forth.

Among other things, plaintiffs submitted an affidavit of L. T. Dark, Jr., who stated that during the 120 days before the claim of lien was filed, defendant Berry performed no work on one of the numbered subdivision lots listed in the judgment, or on the office building, clubhouse, ski slope, or certain other specified portions of the unnumbered areas.

Prior to 12 March 1974 Mill Ridge owned the property in question. On that date Mill Ridge conveyed the property to William A. Bowen as trustee for Wachovia Bank and Trust Company (Wachovia). Wachovia assigned the deed of trust to plaintiff Ridge and on 8 December 1975 the deed of trust was foreclosed. The only lands sold at the foreclosure sale were the unnumbered areas, all of which were purchased by plaintiff Ridge.

Other facts necessary for an understanding of the questions raised on this appeal are set forth in the opinion.

Following the hearing the court dissolved the temporary restraining order and refused to issue a preliminary injunction prohibiting defendants from executing the judgment on the unnumbered areas. The court did prohibit execution of the judgment on the numbered lots. Plaintiffs appealed.

*Dark and Edwards, by L. T. Dark, Jr., and Henderson, Henderson & Shuford, by David H. Henderson, and William A. Shuford, for plaintiff appellants.*

*Harkey, Faggart, Coira & Fletcher, by Francis M. Fletcher, Jr., and Henry A. Harkey, for defendant appellee.*

BRITT, Judge.

Ordinarily a preliminary injunction will be granted pending a trial on the merits (1) if there is probable cause for supposing that plaintiffs will be able to sustain their primary equity, and (2) if there is reasonable apprehension of irreparable loss unless injunctive relief be granted, or if in the court's opinion it appears reasonably necessary to protect plaintiffs' right until the controversy between them and defendant can be determined. *Conference v. Creech* and *Teasley v. Creech and Miles*, 256 N.C. 128, 123 S.E. 2d 619 (1962); *Service Co. v. Shelby*, 252 N.C. 816, 115 S.E. 2d 12 (1960).

In effect the trial court concluded in the instant case that the pleadings, materials and testimony presented at the hearing failed to show probable cause that plaintiffs will be able to sustain their alleged causes of action. We agree with this conclusion and will discuss the various grounds argued by plaintiffs why the Mecklenburg judgment does not support the execution issued against their lands.

[1] First, plaintiffs contend the judgment does not impose a lien on their property because it contains no provision declaring it a lien on the property referred to therein, retroactive to 27 November 1972. We find no merit in this contention.

The judgment specifically makes a monetary award in favor of Berry for $16,894.27, with interest thereon at 6 percent per annum from 8 May 1974 until paid. It then orders that the judgment be transcribed, that it be retroactive to 27 November 1972, and that execution be issued against certain lands referred to by lot numbers as shown in various numbered books, on

various numbered pages, in Watauga County Registry, together with the unnumbered areas containing the ski slope, chair lift, clubhouse, pool complex, roads, office and sewage treatment plant, all as shown on plat recorded in book 7, page 92, of the Watauga County Registry. As stated above, the judgment was entered on 17 July 1974, purported to perfect the notice and claim of lien filed in Watauga County on 9 May 1974, and was transcribed to the office of the Clerk of Superior Court of Watauga County on 5 August 1974.

Needless to say, it would have been better if the judgment contained words expressly declaring the monetary award a lien on the lands referred to in the judgment. Nevertheless, by declaring that the judgment was retroactive to 27 November 1972 and ordering that execution issue on lands that were adequately identified, we think the judgment was sufficient to impose the laborer's and material furnisher's lien on the lands in question. This holding finds support in G.S. 44A-13 (b) which provides: "Judgment enforcing a lien under this Article may be entered for the principal amount shown to be due, not exceeding the principal amount stated in the claim of lien enforced thereby. The judgment shall direct a sale of the real property subject to the lien thereby enforced."

Plaintiffs rely on the opinion of this court in *H & B Co. v. Hammond,* 17 N.C. App. 534, 195 S.E. 2d 58 (1973). While there are several features of the two cases that are similar, we think they are distinguishable with respect to the key point involved here. In *Hammond,* the original judgment granted only a monetary judgment, with no provision that it was retroactive and that specified lands would be sold to satisfy it; when plaintiffs attempted to have the judgment amended to provide for a materialman's lien, the rights of innocent third parties had intervened. In the case *sub judice,* plaintiffs were not innocent third parties since the judgment in question was filed in Watauga County on or about 5 August 1974 and they did not acquire title until on or after 8 December 1975.

[2]  Plaintiffs contend next that the judgment is void for the reason that it was signed by an assistant clerk of the superior court rather than by a judge of the court. We reject this contention.

G.S. 1-209 (4) authorizes the clerks of the superior court to enter all judgments by default final as are authorized by Rule

55 of the Rules of Civil Procedure, "and in this section pro-vided." G.S. 1A-1, Rule 55(b)(1), authorizes the clerks to enter judgment by default when plaintiff's claim is for a sum certain or for a sum which can by computation be made certain; said rule further provides: "In all cases wherein, pursuant to this rule, the clerk enters judgment by default upon a claim for debt which is secured by any pledge, mortgage, deed of trust or other contractual security in respect of which foreclosure may be had, . . . the clerk may likewise make all further orders required to consummate foreclosure . . . . "

Plaintiffs argue that a laborer's or materialman's lien is not a "pledge, mortgage, deed of trust or other contractual security" within the contemplation of the quoted rule. While our research fails to disclose any direct authority supporting our holding, we think the term "contractual security" includes a laborer's or materialman's lien.

G.S. 44A-8 provides: "Any person who performs or fur-nishes labor . . . or furishes materials pursuant to a contract, either express or implied, with the owner of real property, for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real prop-erty to secure payment of all debts owing for labor done . . . or material furnished pursuant to such contract."

In Black's Law Dictionary (4th ed. 1951), page 1522, "security" is defined thusly: "Protection; assurance; indem-nification. The term is usually applied to an obligation, pledge, mortgage, deposit, lien, etc., given by a debtor in order to make sure the payment or performance of his debt, by furnishing the creditor with a resource to be used in case of failure in the principal obligation. . . . "

There must be a contract, express or implied, to create a laborer's or materialman's lien. The holder of the lien has a "security" that open or general creditors do not have, and being based on contract we hold that it is a "contractual security" within the contemplation of Rule 55(b)(1). G.S. 7A-102(b) authorizes an assistant clerk "to perform all the duties and functions of the office of clerk of superior court . . . . "

[3]  Plaintiffs contend next that the superior court in Meck-lenburg County did not have jurisdiction to declare a laborer's

lien on realty in Watauga County. We find this contention without merit.

G.S. 44A-13(a) provides that an action to enforce the lien created by Article 2 *may* be instituted in any county in which the lien is filed. G.S. 44A-12 provides that all claims of lien against any real property *must* be filed in the office of the clerk of superior court in each county wherein the real property subject to the claim of lien is located. Do we have a question of jurisdiction or one of venue? We think it is the latter.

Pertinent statutes relating to statutory liens on real property were rewritten in 1969 and are now codified under Article 2 of Chapter 44A. In many cases based on the prior statutes relating to a materialman's lien, our Supreme Court held that the question is one of venue. *See Sugg v. Pollard,* 184 N.C. 494, 115 S.E. 153 (1922), and *Penland v. Church,* 226 N.C. 171, 37 S.E. 2d 177 (1946).

Plaintiffs argue that G.S. 44A-13 must be considered *in pari materia* with G.S. 44A-12; that the latter statute *requires* that claims of lien be filed in each county wherein the real property subject to the claim is located; and that the "may" in G.S. 44A-13 affords the plaintiff a choice of counties for bringing the action only when the real property is located in more than one county.

While we are impressed with plaintiffs' reasoning that the action to enforce the lien *ought* to be filed in the county where the land is situated, our examination of the authorities impels us to conclude that this is not required. Had the General Assembly intended this as a requirement, it could have provided so in explicit language.

Plaintiffs' insistence that the word "may" in G.S. 44A-13(a) should be construed as "must" is not persuasive when we consider the construction that has been given a parallel statute, G.S. 1-76. In the latter statute it is provided that certain causes *must* be tried in the county in which the subject of the action, or some part thereof, is situated; the statute then specifies actions for recovery of real property or of an estate or interest therein, partition of real property, foreclosure of a mortgage on real property, and recovery of personal property when the recovery of the property itself is the sole or primary relief demanded.

In *Thompson v. Horrell,* 272 N.C. 503, 158 S.E. 2d 633 (1968), the court held that if the judgment to which plaintiff would be entitled upon the allegations of the complaint will affect the title to land, the action is local and must be tried in the county where the land lies *unless* defendant waives the proper venue. In *Williams v. McRackan,* 186 N.C. 381, 119 S.E. 746 (1923), the court held that an action to impress a parol trust upon lands and for an accounting involves a determination of an interest in lands, and the proper *venue* is in the county in which the land is located.

We hold that the Mecklenburg court had jurisdiction to render the challenged judgment.

Plaintiffs contend next that the trial court erred in holding that they did not have standing to attack the Mecklenburg judgment. This contention has no merit.

Plaintiffs' primary argument on this contention is based on the premise that the judgment is void, hence they have the right to attack it. Since we have rejected the three grounds advanced by plaintiffs as to why the judgment is void, this argument becomes moot.

Finally, plaintiffs contend that the trial court erred in signing the order appealed from. We find this contention without merit.

[4] Under this contention plaintiffs argue that they are entitled to challenge the judgment for the reason that the statement of Berry's account attached to the complaint in the former action is not properly itemized and does not comply with the statute. We find this argument unpersuasive and hold that only the defendants in the prior action had standing to raise that point.

[5] Also under this contention plaintiffs argue that on 9 March 1974 defendant Berry executed a Subordination of Liens Agreement in favor of Wachovia Bank which subordinated all claims which Berry had against any of the Mill Ridge development property to the Wachovia deed of trust under which plaintiffs claim title. We have carefully reviewed the agreement and find it quite vague, particularly as to specific property intended to be included. Suffice it to say, we do not think the document is sufficient to establish "probable cause for supposing that plaintiffs will be able to sustain their primary equity."

For the reasons stated, the order appealed from is

Affirmed.

Judges HEDRICK and CLARK concur.