WELLONS CONSTRUCTION, INC., Plaintiff v. LANDSOUTH PROPERTIES, LLC, COMMUNITY NATIONAL BANK, WORTH HARRIS CARTER, JR., and KENNETH R. MOSS, Defendants

No. COA04-476

(Filed 1 February 2005)

**Venue— materialman's lien—venue—breach of contract**

The trial court correctly denied defendants' motion for a change of venue in an action for breach of contract and enforcement of materialman's liens. Although the property is in Cumberland County, plaintiff's principal place of business is in Harnett County, where the action was filed, and venue in Harnett County is proper under N.C.G.S. § 1-82. N.C.G.S. § 1-76 (actions for the recovery of real property or mortgage foreclosure) does not apply where the primary purpose of the action, as here, is the recovery of money damages. Moreover, it has been held that a lien enforcement action may properly be brought in a venue other than where the property is located.

Judge TYSON concurring.

Appeal by Defendants from order entered 2 February 2004 by Judge Franklin F. Lanier in Superior Court, Harnett County. Heard in the Court of Appeals 7 December 2004.

*Bugg & Wolf, PA, by Bonnor E. Hudson, III, for plaintiff-appellee.*

*J. Gates Harris, for defendant-appellants.*

WYNN, Judge.

Defendants Landsouth Properties, LLC, Community National Bank, Worth Harris Carter, Jr., and Kenneth R. Moss appeal from an order of the trial court denying their motion to change venue. Defendants assert that the trial court committed reversible error in denying their motion to change venue for an action to foreclose ma-

terialmen's liens. After careful review, we disagree and affirm the order of the trial court.

Briefly, the procedural and factual history of the instant appeal is as follows: In May 2002, Wellons Construction, Inc. entered into a written contract with Defendants to provide labor, materials, and equipment for the construction of portions of a mobile home park in Cumberland County, North Carolina. Through changes in orders, the parties agreed to increase the scope and value of the original contract. Wellons Construction allegedly performed its contractual obligations but did not receive the payment(s) required under the contract. On 3 November 2003, Wellons Construction filed a claim of lien in Cumberland County. Thereafter, Wellons Construction filed the instant action (seeking damages for breach of contract, unjust enrichment, and lien enforcement) in Harnett County, and a notice of *lis pendens* in Cumberland County. Defendants in response filed a motion to change venue, asserting that Harnett County is an improper venue for the action. Following the trial court's denial of that motion, Defendants appealed.

---

Absent a statute mandating otherwise, proper venue for an action is determined by the residence of the parties to that action. North Carolina General Statute section 1-82 directs that an action must be tried:

> *[I]n the county in which the plaintiffs or the defendants, or any of them, reside at its commencement*, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint[.]

N.C. Gen. Stat. § 1-82 (2003) (emphasis added). A domestic business resides where its principal place of business is located. N.C. Gen. Stat. § 1-79 (2003). Here, Wellons Construction, a domestic business, has its principal place of business in Harnett County. Venue in Harnett County would therefore appear to be proper.

Defendants argue, however, that North Carolina General Statute section 1-76, and not the default section 1-82, applies to actions, such as the instant one, in which a plaintiff seeks the enforcement of a lien against real property. North Carolina General Statute section 1-76 states that actions for "[r]ecovery of real property, or of an [] interest

therein" or for "[f]oreclosure of a mortgage of real property" must be brought where the property at issue is situated. N.C. Gen. Stat. § 1-76 (2003). Defendants cite to *Penland v. Red Hill Methodist Church*, 226 N.C. 171, 37 S.E.2d 177 (1946), and *Sugg v. Pollard*, 184 N.C. 494, 115 S.E. 153 (1922), which applied North Carolina General Statute section 1-76 to lien enforcement actions and thus limited venue in such actions to the underlying property's situs.

The cases upon which Defendants rely were, however, decided decades before the 1969 enactment of North Carolina General Statute section 44A-13. North Carolina General Statute section 44A-13(a) states that "[a]n action to enforce [a] lien . . . *may* be instituted in any county in which the lien is filed." N.C. Gen. Stat. § 44A-13(a) (2003) (emphasis added). This Court has previously found that "may" is not properly construed as "must" and that a lien enforcement action may therefore properly be brought in a county other than that in which the lien is filed, *i.e.*, in which the property subject to the lien is located. *Ridge Cmty. Investors, Inc. v. Berry*, 32 N.C. App. 642, 648, 234 S.E.2d 6, 10 (1977). While *Ridge* was overturned in part, our Supreme Court explicitly affirmed our holding that a lien enforcement action may properly be brought in a venue other than that where the property subject to the lien is situated. *Ridge Cmty. Investors, Inc. v. Berry*, 293 N.C. 688, 694-95, 239 S.E.2d 566, 570-71 (1977).

Moreover, North Carolina General Statute section 1-76 is not applicable to actions, such as the instant one, where the primary purpose is the recovery of money damages. For purposes of determining venue, *i.e.*, for determining whether North Carolina General Statute section 1-76 applies, "consideration is limited to the allegations in plaintiff's complaint." *McCrary Stone Service, Inc. v. Lyalls*, 77 N.C. App. 796, 799, 336 S.E.2d 103, 105 (1985) (citations omitted). "If the judgment to which plaintiff would be entitled upon the allegations of the complaint will affect the title to land[,]" section 1-76 applies. *Thompson v. Horrell*, 272 N.C. 503, 504-05, 158 S.E.2d 633, 634 (1968). However, where the principal objective of an action is "to recover monetary damages for breach of [] contract," even where issues surrounding a lien are involved, section 1-76 does not apply. *Wise v. Isenhour*, 9 N.C. App. 237, 239-40, 175 S.E.2d 772, 773-74 (1970) (where the primary objective of an action alleging breach of a construction contract was to collect monetary damages, but where plaintiff also requested removal of a lien, venue was properly determined not by section 1-76 but by residence of the parties). Because the primary objective of the instant action is the recovery of money dam-

ages for breach of a construction contract, North Carolina General Statute section 1-76 does not apply.

For the reasons stated herein, we affirm the order of the trial court.

Affirmed.

Judges McGEE concurs.

Judge TYSON concurs in a separate opinion.

TYSON, Judge concurring in a separate opinion.

I concur in the majority's opinion. I write separately to amplify the majority's discussion of our Supreme Court's holding in *Investors, Inc. v. Berry*, 293 N.C. 688, 695, 239 S.E.2d 566, 570 (1977), regarding the appropriate jurisdiction within which to file a notice of and to enforce a lien.

N.C. Gen. Stat. § 44A-13(a) (2003) provides, "An action to enforce the lien created by this Article may be instituted in any county in which the lien is filed." In 1969, the General Assembly amended the statute to enact a new section regarding Notice of Action, N.C. Gen. Stat. § 44A-13(c) (2003), portions of which say:

> (c) Notice of Action.—. . . If neither an action nor a notice of lis pendens is filed in each county in which the real property subject to the lien is located within 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien, as to real property claimed to be subject to the lien in such counties where the action was neither commenced nor a notice of lis pendens filed, the judgment entered in the action enforcing the lien *shall not direct a sale of the real property subject to the lien* enforced thereby nor be entitled to any priority under the provisions of G.S. 44A-14(a), but shall be entitled only to those priorities accorded by law to money judgments.

(Emphasis supplied). This statute, entitled "Action to enforce lien," limits plaintiff's remedy to money damages because plaintiff chose not to file or to enforce the lien in the county where the property was located. Without filing either the claim of lien or notice of the action

WELLONS CONSTR., INC. v. LANDSOUTH PROPS., LLC

[168 N.C. App. 403 (2005)]

in the county where the property lies, a trial court cannot direct a sale of the property and is limited in "priorities accorded by law to money judgments." *Id.*

Following enactment of this amendment, our Supreme Court emphasized in *Investors, Inc.*, "The effect of this amendment is to give protection to purchasers and examiners of titles no matter where the action to enforce the lien is instituted." 293 N.C. at 695, 239 S.E.2d at 570. The Supreme Court noted, "In our opinion, it is *the better practice* to file the action to enforce a lien in the county in which the claim of lien is filed." *Id.* (emphasis supplied).

The Court affirmed the Court of Appeals holding that held, "the Superior Court of Mecklenburg County had jurisdiction to enforce the claim of lien filed in Watauga County." *Id.* at 695, 239 S.E.2d at 571. Our Supreme Court recognized the importance of filing the action to enforce the lien in the county where the claim of lien is filed and the real property is situated in order to protect the clarity and priority of the records affecting the real property at issue. Notwithstanding, the statutes permit and the Supreme Court has upheld the ability to file an action to enforce the lien in "any county in which the lien is filed." *Id.*; N.C. Gen. Stat. § 44A-13(a). The trial court's judgment must be affirmed.

In *Investors, Inc.*, our Supreme Court discussed the "*better practice*" for the filing of lien disputes, despite the other procedures available. 293 N.C. at 695, 239 S.E.2d at 570 (emphasis supplied). As I find its discussion relevant and noteworthy to the decision at bar, I write separately to concur in the majority's opinion.