APPEAL OF DONALD BRENT WILLETT FROM THE DECISION OF THE REFUND COMMITTEE OF THE UNIVERSITY OF NORTH CAROLINA AT GREENSBORO TO CLAIM HIS NORTH CAROLINA INCOME TAX REFUND UNDER THE SET-OFF DEBT COLLECTION ACT

No. 8114SC713

(Filed 6 April 1982)

**Administrative Law § 4; Taxation § 28.4— Setoff Debt Collection Act—UNC-G not exempt from hearing procedures**

The University of North Carolina at Greensboro is not exempt from the hearing procedures of the Setoff Debt Collection Act, G.S. 105A-8. Therefore, a hearing conducted by the Refund Committee of the University to review the asserted basis for a setoff of a student debtor's delinquent account against his income tax refund should have been recorded and an "official record" of the hearing as set forth in G.S. 150A-37 should have been made.

APPEAL by respondent from *Herring, Judge.* Order entered 27 May 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 March 1982.

*Attorney General Edmisten, by Associate Attorney Lisa Shepherd, for respondent-appellant.*

*Eure & Willis, by Michael W. Willis, for petitioner-appellee.*

HILL, Judge.

In June, 1977, petitioner, then a resident of Kentucky, applied for admission to the University of North Carolina at Greensboro [hereinafter referred to as "UNC-G"]. He was accepted for admission and subsequently was billed for six semester hours at $156, the in-state tuition rate, which he paid. Petitioner

enrolled, found it necessary to quit attending classes, and withdrew from UNC-G. Although the deadline to drop courses at UNC-G and still receive a tuition refund was 8 September 1977, petitioner's request to drop the six semester hours was delivered on 5 October.

On 29 November 1977, petitioner received a letter from the Cashier's Office which informed him of an additional charge of $573, representing the difference between in-state and out-of-state tuition, which was due immediately because petitioner had been erroneously classified as an in-state student. Petitioner appealed the additional charge, but the Refund Committee at UNC-G informed him that the charge was justified. On 25 April 1980, the Cashier's Office informed petitioner that it intended to claim all of his 1979 income tax refund to pay his delinquent account pursuant to the Setoff Debt Collection Act, G.S. 105A-1 to -16. Petitioner then requested a hearing on this matter before the Refund Committee.

Petitioner's hearing was held on 20 June 1980. The minutes of that meeting and the decision of the Refund Committee were recorded as follows:

DATE: Friday, June 20, 1980

TIME: 10:00 a.m.

PLACE: Leon Sartin's Office, Accounting Office

MEMBERS PRESENT: Eleanor Morris, Jerry Harrelson, Leon Sartin

GUESTS: Brent Willett and Carol Sanders

Carol Sanders presented the information on which the University's claim against Mr. Willett's tax refund was based, which was the fact that Mr. Willett had been charged out-of-state tuition for Fall 1977 and paid the in-state rate.

Mr. Willett presented his case which was that he dropped the classes and did not feel that he should have to pay for services he did not receive. He also stated that he was not aware of the residence requirements and the difference in costs.

The Refund Committee's decision was that there was no additional information presented to reverse the original decision of the Committee which was based on an appeal Mr. Willett made in November of 1977 on this same charge. Therefore, the money is due to UNC-G.

Mr. Willett stated he would be requesting a hearing in his own county. If we have not heard from his legal counsel by July 18, 1980, the Cashier's Office will proceed to certify Mr. Willett's debt to the Department of Revenue.

Respectfully,

s / CAROL M. LAMBERT
Carol M. Lambert

Petitioner subsequently supplemented this account of the 20 June 1980 meeting.

On 8 September 1980, petitioner petitioned for judicial review of the Refund Committee's decision alleging that he was denied due process of law and that the decision was not supported by "substantial evidence." The trial judge entered an order on 27 May 1981 finding the following facts:

(1) THAT the fact that the hearing of June 20, 1980, was held before a panel made up of three University administrators who are members of the Standing Refund Committee of the University of North Carolina at Greensboro, does not constitute a violation of due process.

(2) THAT no transcript of the June 20, 1980, hearing of petitioner's case by the Standing Refund Committee was prepared or received by this court, and that no other data was presented which was sufficient to relate what took place at the June 20, 1980 hearing.

.  .  .  .

In connection with this, G.S. 150A-47 provides that within thirty (30) days after receipt of the copy of the Petition for Review, or within such additional [sic] as the Court may allow, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceedings under review.

(3) THAT the Administrative Procedures [sic] Act requires, as set forth in G.S. 150A-36, that a final decision or order of an agency in a contested case shall be made, after review of the official record as defined in G.S. 150A-37(a) in writing and shall include findings of facts and conclusions of law.

.  .  .  .

Exhibit L [the minutes of the 20 June 1980 meeting] of the Record of Administrative Proceedings in this is [sic] case contains no written findings of facts on which to support any conclusions of law, nor are there any conclusions of law.

.  .  .  .

(4) THAT petitioner should have been given a hearing de novo by the Standing Refund Committee on June 20, 1980.

.  .  .  .

Instead the minutes found in Exhibit L of the Record recite that no additional information was presented by the petitioner to warrant a reversal of the Committee's original decision in January 1978. The Administrative Procedures [sic] Act requires that findings and conclusions be made as a result of a hearing at which there is an opportunity to present evidence.

The judge concluded that "petitioner is not entitled to the relief he seeks," and that "this court has discretion to remand this case to the Standing Refund Committee with directions that proper findings of fact and conclusions of law be stated by the agency pursuant to the provisions of G.S. 150A, after hearing de novo." The trial judge then remanded the case to the Refund Committee and ordered the following:

(2) THAT since this Court has no way of knowing exactly what sort of record was made at the June 20, 1980 hearing nor the contents of any such record, that a hearing de novo be conducted by the Standing Refund Committee in accordance with G.S. 150A and that petitioner be given adequate notice of the time and place of that hearing.

.  .  .  .

(3) THAT no prior administrative decision made at any time in this case shall be given any consideration or effect in the hearing de novo, and that petitioner be allowed to present oral evidence, and that an adequate record of that evidence shall be recorded.

. . . .

(4) THAT the memorandum of decision as stated in the June 20, 1980, "Minutes of the Refund Committee Meeting" be vacated and is hereby set aside.

Respondent appeals from this order.

Respondent's appeal may be decided by our answer to the question of whether UNC-G is specifically exempted from the hearing procedures of the Setoff Debt Collection Act, G.S. 105A-8(a), which provides that "[i]f a claimant agency receives written application of the debtor's intention to contest at hearing the claim upon which the intended setoff is based, *it shall grant a hearing according to procedures established under Chapter 150A, the Administrative Procedure Act, to determine whether the claim is valid.*" (Emphasis added.) G.S. 150A-1(a) of the Administrative Procedure Act provides, in part, as follows:

Article 4 of this Chapter, governing judicial review of final agency decisions, shall apply to the University of North Carolina and its constituent or affiliated boards, agencies, and institutions, *but the University of North Carolina and its constituent or affiliated boards, agencies, and institutions are specifically exempted from the remaining provisions of this Chapter.*

(Emphasis added.)

Of course, in ascertaining the intent in drawing G.S. 105A-8(a) of the Setoff Debt Collection Act, "it is always presumed that the Legislature acted with full knowledge of prior and existing law." *Ridge Community Investors, Inc. v. Berry*, 293 N.C. 688, 695, 239 S.E. 2d 566, 570 (1977). It is clear that UNC-G, a constituent member of the University of North Carolina, is specifically exempted from the Administrative Procedure Act except for the judicial review provisions of Article 4. We believe that the legislature merely selected those portions of the Administrative Pro-

cedure Act dealing with hearing procedures and adopted them as the hearing procedures of the Setoff Debt Collection Act. However, this adoption does not mandate a conclusion that UNC-G also is specifically exempted from those procedures under the Setoff Debt Collection Act, although it is so exempted under the Administrative Procedure Act. We therefore conclude that UNC-G is not specifically exempted from the hearing procedures of the Setoff Debt Collection Act.

G.S. 150A-37, which outlines the requirements of an "official record" for the Setoff Debt Collection Act, provides as follows:

(a) An agency shall prepare an official record of a hearing which shall include:

(1) Notices, pleadings, motions, and intermediate rulings;

(2) Questions and offers of proof, objections, and rulings thereon;

(3) Evidence presented;

(4) Matters officially noticed, except matters so obvious that a statement of them would serve no useful purpose;

(5) Proposed findings and exceptions; and

(6) Any decision, opinion, order, or report by the officer presiding at the hearing and by the agency.

(b) Proceedings at which oral evidence is presented shall be recorded, but need not be transcribed unless requested by a party. Each party shall bear the cost of the transcript or part thereof or copy of said transcript or part thereof which said party requests.

Our review of the minutes of the Refund Committee's 20 June 1980 meeting reveals a substantial noncompliance with these requirements. Those proceedings should have been recorded and an "official record" made.

For the reasons stated in this opinion, the order of the trial court is

Affirmed.

Judges WELLS and BECTON concur.