STATESVILLE MEDICAL GROUP, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION, PLAINTIFF v. RICHARD A. DICKEY, M.D., DEFENDANT v. DAVID R. HENDRY, THIRD-PARTY DEFENDANT

No. 9122SC686

(Filed 7 July 1992)

**Master and Servant § 11.1 (NCI3d) — covenant not to compete — endocrinologist — violation of public policy**

A covenant not to compete in an employment contract prohibiting defendant endocrinologist from practicing medicine

in Iredell County for two years from the date of his termination of employment with plaintiff medical group is unenforceable as a matter of law because enforcement of the covenant would create a substantial question of potential harm to the public where defendant is the only endocrinologist living and practicing in Iredell County; enforcement of the covenant will grant plaintiff a monopoly on endocrinology services for two years in the county through its contract with a Charlotte clinic for an endocrinologist to hold office hours in Iredell County at least one-half day a week and for same day consultation with other endocrinologists of the clinic; enforcement of the covenant would substantially impede patients' access to their physician of choice and impair their ease of access to second opinions; and patients in Iredell County will have the option of patronizing plaintiff or traveling either to Charlotte or Winston-Salem, both approximately forty-five minutes from Statesville, to receive endocrinology services. Therefore, the trial court erred in granting a preliminary injunction enforcing the covenant not to compete.

**Am Jur 2d, Master and Servant § 106.**

APPEAL by defendant from Order of *Judge Preston Cornelius* entered 14 January 1991 in IREDELL County Superior Court. Heard in the Court of Appeals 12 May 1992.

*Pope, McMillian, Gourley, Kutteh & Parker, by William P. Pope, for plaintiff appellee.*

*Vannoy, Colvard, Triplett, Freeman & McLean, by J. Gary Vannoy and Anthony R. Triplett; and James H. Early, Jr., for defendant appellant.*

COZORT, Judge.

Plaintiff appellee, Statesville Medical Group, P.A., ("Medical Group") instituted an action to have a covenant not to compete clause enforced against defendant appellant, Dr. Richard A. Dickey. Plaintiff was successful in obtaining a preliminary injunction, and defendant appeals. We reverse.

On 8 April 1983 defendant signed an employment contract with plaintiff. The contract contained a covenant against competition prohibiting defendant from practicing medicine or any business

STATESVILLE MEDICAL GROUP v. DICKEY

[106 N.C. App. 669 (1992)]

competing with the Medical Group for a two-year period in Iredell County from the date of his voluntary or involuntary termination. The defendant and the plaintiff were unable to maintain amicable relations, and on 14 June 1990 defendant submitted his voluntary resignation. The Medical Group's Board of Directors approached defendant in an attempt to convince him to withdraw his resignation. On 23 July 1990 defendant conditionally agreed to withdraw his resignation if the Board made several requested changes in office and accounting procedures. After the Board's failure to implement changes, on 20 September 1990 defendant submitted a second written notice stating that he would not withdraw his earlier resignation and that his termination would occur on 14 December 1990. The Board accepted this resignation but interpreted the six-month notice requirement as running from 27 September 1990, the date of its acceptance of defendant's second notice of resignation. Defendant concluded, however, that his relationship with the Medical Group terminated six months from his original letter of resignation. He opened a practice in Iredell County on 15 December 1990. After defendant's departure, the Medical Group contracted with Nalle Clinic ("Clinic") located in Charlotte for the services of an endocrinologist to practice in Statesville on a need basis and at least one-half day a week. The contract also provided for same-day consultation with any one of the other four or five endocrinologists in the Clinic.

On 18 December 1990 the Medical Group sought and was granted a temporary restraining order prohibiting defendant from practicing medicine in Iredell County. On 14 January 1991, the superior court issued a preliminary injunction, concluding that there would be no substantial risk of public harm by enforcement of the covenant, that plaintiff had shown a likelihood of success on the merits, and that plaintiff would sustain irreparable harm by non-enforcement of the covenant.

On appeal, defendant argues: (1) that the trial court erred in granting the plaintiff's request for a preliminary injunction because enforcement of the covenant would create a substantial question of potential harm to the public; and (2) that the trial court erred in granting the preliminary injunction because plaintiff sought an equitable remedy with unclean hands.

We initially address defendant's first assignment of error. In *Iredell Digestive Disease Clinic v. Petrozza*, 92 N.C. App. 21, 373

S.E.2d 449, *aff'd*, 324 N.C. 327, 377 S.E.2d 750 (1988), this Court set forth the law governing preliminary injunctions and the enforceability of covenants not to compete:

> A preliminary injunction is an extraordinary measure, to be issued by the court, in the exercise of its sound discretion, only when plaintiff satisfies a two-pronged test: (1) that plaintiff is able to show *likelihood* of success on the merits and (2) that plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the court's opinion issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

*Id.* at 24-25, 373 S.E.2d at 451 (citing *Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977)). "To be enforceable, a covenant not to compete must be (1) in writing, (2) entered into at the time and as part of the contract of employment, (3) based upon reasonable consideration, (4) reasonable both as to time and territory, and (5) not against public policy." *Id.* at 26, 373 S.E.2d at 452 (citing *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 402-03, 302 S.E.2d 754, 760 (1983)).

On appeal of a preliminary injunction the standard of review is de novo. "[A]n appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself." *A.E.P. Industries*, 308 N.C. at 402, 302 S.E.2d at 760. We do not determine whether the covenant is in fact enforceable, but rather we must review the evidence presented to the trial court and determine whether plaintiff has met its burden of showing likelihood of success on the merits. *Petrozza*, 92 N.C. App. at 26-27, 373 S.E.2d at 452.

After reviewing the evidence we agree with the trial court's findings that the covenant was part of a written employment contract signed by both parties, based on reasonable consideration, and reasonable as to time and territory restrictions. Therefore, the first four elements of enforceability have been satisfied.

We do not agree that the covenant satisfies the fifth element of enforceability. We find the evidence establishes that enforcement of the covenant is against public policy. In *Petrozza* this Court presented the test for determining whether a covenant violates public policy:

If ordering the covenantor to honor his contractual obligation would create a substantial question of potential harm to the public health, then the public interests outweighs the contract interests of the covenantee, and the court will refuse to enforce the covenant. But if ordering the covenantor to honor his agreement will merely inconvenience the public without causing substantial harm, then the covenantee is entitled to have his contract enforced.

*Petrozza*, 92 N.C. App. at 27-28, 373 S.E.2d at 453 (citations omitted). To determine the risk of substantial harm to the public this Court has considered the following factors: the shortage of specialists in the field in the restricted area, the impact of plaintiff establishing a monopoly of endocrinology practice in the area, including the impact on fees in the future and the availability of a doctor at all times for emergencies, and the public interest in having a choice in the selection of a physician. *Id.* at 30-31, 373 S.E.2d at 454-55.

In support of the motion for preliminary injunction, plaintiff submitted twenty-four affidavits signed by physicians. The affidavits included the following: (1) a description of the nature of endocrinology practice; (2) a statement that there is no procedure unique to the subspecialty of endocrinology which is not performed on a regular, routine, and appropriate basis by numerous other physicians practicing in both hospitals in Statesville; (3) a statement that there are rare endocrine illnesses which are non-emergent; (4) a statement that the nature of the specialty requires a large population; other towns the size of Statesville do not have a practicing endocrinologist; the population of Statesville is not sufficient to support a full-time endocrinologist; and (5) a statement that the quality of health care will not suffer if Statesville does not have an endocrinologist especially if the Medical Group hires an endocrinologist for part-time work.

The defendant submitted sixteen affidavits signed by physicians stating that Dr. Dickey is the only practicing endocrinologist in the area, and there is a strong need for at least two practicing endocrinologists because (1) availability of a second opinion of an endocrinologist without whose diagnosis patients could face, and have faced, life-threatening situations; (2) patient reluctance to travel more than forty miles to see an endocrinologist; (3) the public has a strong interest in choice between doctors; and (4) the patient has a strong interest in not having the confidential relationship

with a doctor involuntarily terminated. The affidavits further stated that

> [w]hether two or more endocrinologists could be *fully employed* has no bearing on the strong need for the Statesville community to have *access* to at least two endocrinologists in the event of an emergency, or for the purposes of a choice of physicians, or for the purposes of retaining the professional and competent services of Dr. Dickey. Access, even to two endocrinologists providing only part-time endocrinology services, would alleviate an otherwise potentially substantial and unnecessary health risk to the public, and would provide at least some choice of physician. (Emphasis in original.)

In addition, defendant submitted an affidavit from the Chief Executive Officer of Iredell Memorial Hospital stating that "Dr. Dickey's loss would require that we undertake the difficult, expensive, and time-consuming task of recruiting or assisting other physicians in recruiting one or more endocrinology practitioners to replace Dr. Dickey. . . . His loss would be a serious one."

Although the parties disagree as to the impact of losing defendant's services, considering the factors set forth in *Petrozza* and the evidence presented in the affidavits, we find that enforcing the covenant would grant plaintiff a monopoly for two years, substantially impede patients' access to their physician of choice, and impair their ease of access to second opinions. The affidavits show that defendant is the only endocrinologist living and practicing in Iredell County. If the defendant is enjoined from practicing, the Medical Group will have a monopoly on endocrinology services in Iredell County. Plaintiff has contracted with Nalle Clinic for an endocrinologist to hold office hours in Statesville at least one-half day a week and on a need basis, and for same day consultation with other doctors of the Clinic. The Clinic, however, is located in Charlotte, approximately forty-five minutes away from Statesville. The distance between the two locations may very well impact on the availability of a doctor at all times for an emergency. Since the Medical Group will offer the only endocrinology services in the county, there will be no fee competition. Patients in Iredell County will have the option of patronizing the Medical Group or traveling to Charlotte or Winston-Salem, also approximately forty-five minutes away from Statesville, to receive treatment from a subspecialist. Patients who cannot or do not desire to travel are

left with no choice of physician but the one practicing on a contract basis with the Medical Group. We hold that since enforcing the covenant would create a substantial question of potential harm to the public health, the covenant not to compete is unenforceable as a matter of law. Accordingly, we further hold that plaintiff has failed to meet its burden of showing likelihood of success on the merits at trial and the preliminary injunction cannot stand.

Our conclusions on the first issue preclude the need of a discussion of the second issue. The trial court's order granting a preliminary injunction is

Reversed.

Judges PARKER and GREENE concur.